## W. H. FINDLEY ET AL. v. R. F. MITCHELL.

1. DAMAGES.—The defendant in a sequestration suit, who is denied the statutory privilege of replevying the sequestered property, has the right to recover of the officer and his sureties denying such right all actual damages resulting from the loss of the use of such property.

2. MEASURE OF DAMAGES.—Where property not owned by the defendant, but of which he had the use by borrowing the same, was seized by sequestration, and the right of replevying the same was denied, and it was shown by the evidence that "it was hard to get such [property] as that was, [the property seized,] and he lost two seasons [in ginning] before he could supply their place, partly for want of ability to buy and partly because it could not be obtained": *Held*, That the case did not authorize a charge of the court submitting as an element in damages the loss from the inability to pur-

chase machinery during the interval to supply the place of that seized.

3. ATTORNEY FEES—MEASURE OF DAMAGES.—Where the services of an attorney were had and made necessary by a wrongful act, the fees of such attorney form part of the damages, in a suit against the wrong-doer.

APPEAL from Cherokee. Tried below before the Hon. R. S. Walker.

October 19, 1875, Mitchell sued, in the District Court of Cherokee county, Findley, a constable, and his sureties, for wrongfully refusing plaintiff the right to replevy certain gin-gearing, seized by the constable under a writ of sequestration.

Mitchell employed counsel to aid in replevying the sequestered property, and he set up the counsel fees as part of his damages.

On the trial, the jury found a verdict for $150 actual damages, and $300 exemplary damages, against Findley and Gaston.

The facts are sufficiently set out in the opinion. The defendants appealed.

*Gwinn & Gregg* and *M. J. Whitman,* for appellants.

I. Appellants insist that the District Court erred in overruling the exceptions of appellants, M. A. Gaston and W. L. Kirksey, to the petition, because it seeks to hold the sureties, Gaston and Kirksey, liable for the alleged tortious acts and omissions of Constable Finley, without showing any privity between them and said constable. (Paschal's Dig., arts. 981, 988, 989, 990, 991.)

II. The court erred in permitting the appellee, over objections of appellants, to prove attorney's fees as damages. The testimony was not admissible in the case at bar. (Landa *v.* Obert, 45 Tex., 545.)

III. The court erred in its charge to the jury upon the subject of vindictive damages. The charge was calculated to mislead the jury, and was not applicable under the testimony

in this case, the testimony showing that the property was not owned by appellee, nor pretended to be owned by him. (Wallace *v.* Finberg, 46 Tex., 39.)

IV. The court erred in that part of its charge to the jury which directed: "If the seizure and deprivation of the machinery had the effect to financially disable the plaintiff to restore his machinery, you will consider his losses consequent on that state of case, and give him such damages as will compensate him for the loss and injury which he sustained." This charge was not authorized by the facts developed in the case, which show the appellee not to be the owner of the property, and said charge being uncertain, referring to remote, speculative, and consequential damages. (Heilbroner *v.* Douglass, 45 Tex., 402; Hudson *v.* Wilkinson, 45 Tex., 445; Tompkins *v.* Toland, 46 Tex., 589.)

V. The court erred in refusing appellants a new trial. There is no allegation in appellee's petition authorizing exemplary damages, and no prayer for same. By reference to the testimony of W. H. Findley, we show that the question of malice and vindictiveness is negatived and denied positively. (Rountree *v.* Walker, 46 Tex., 200; Brown *v.* Tyler, 34 Tex., 172; Tompkins *v.* Toland, 46 Tex., 584; Pinson *v.* Kirsh, 46 Tex., 26; Darcy *v.* Turner, 46 Tex., 30.)

GOULD, ASSOCIATE JUSTICE.—Mitchell was in possession of and using about his gin and mill the running gear of a cotton gin which had been loaned to him by Gaston, but which Gaston only controlled by virtue of an agency from Stewart & Nunn to look after their interest in a certain league of land. On this league of land was the old Duren place, and from that place Mitchell, by Gaston's permission, took the gingearing and used it for two years. Gaston sued out a writ of sequestration for the gin-gearing, which writ was executed by Constable Findley, who at first refused to allow Mitchell to replevy, being advised thereto by the justice who issued the writ, and, as Mitchell claims, being instigated by Gaston.

and moved by malice. Whilst matters were in this condition the constable sent. the gin-gearing to Gaston's plantation. Subsequently, after taking other advice, he approved the replevy bond, but failed to return the property. Gaston and Kirksey were the sureties of Findley on his official bond, and Mitchell brought this suit against the three to recover damages for these wrongful acts. He recovered of the three $150 as actual damages, and of Findley and Gaston $300 as exemplary damages. On the trial there was evidence that before the seizure Mitchell had also been requested to act as agent for Stewart & Nunn, the agency of Gaston not being revoked, but the evidence shows that Mitchell did not then deny Gaston's right. There was also evidence that Stewart & Nunn did not claim the gin-gearing, but that after its seizure it was purchased for $35, by Mitchell, of Duren's administrator. The other testimony in the case bore on the question of the good faith or otherwise of the constable, on the value of the gin-gearing and of the annual rental of a gin, and some other matters bearing on the amount of damage.

By the charge of the court on the subject of actual damages, Mitchell, not being the owner, was not allowed to recover the value of the sequestered property, but was allowed damages resulting from the loss of machinery from the gin and mill in which it was being used " for such period of time as would have been sufficient to have enabled the plaintiff to have supplied himself with adequate machinery to put his business of ginning, grinding, &c., in operation again; and if the seizure and deprivation of the machinery had the effect to financially disable the plaintiff to restore his machinery by procuring other machinery, you will consider his losses consequent on that state of case, and give him such damages as will compensate him for the loss and injury sustained, taking into consideration all the circumstances, facts, and conditions under which he held the property, and his opportunity to have bought or leased the machinery from those having the title thereto, and deducting the amount of cost in buying or leas-

ing from the damage which he would have had to pay to the owners, if any there were, to procure and retain the further use of the machinery."

As to the liability of Findley and his sureties for such actual damages as Mitchell suffered from the denial of his right to replevy and the detention of the sequestered property, there can be no question. (Holliman *v.* Carroll, 27 Tex., 25; Crocker on Sheriffs, sec. 864.)

Whilst Mitchell had a statutory right to replevy, he was ultimately responsible for the use of the property whilst so replevied, if the right to the possession thereof was found to be in the plaintiff in sequestration. Whether, under the circumstances, the stoppage of his gin and mill, resulting from the detention of the sequestered gin-gearing, should be considered in estimating his damages, is a question on which we express no opinion, but to which we invite attention on another trial. (Sedg. on Dam., p. 482; Field on Law of Dam., 837.)

We are of opinion, however, that there was no evidence justifying the charge, which, in effect, extended the time for the accumulation of damages from loss of machinery, if the seizure or deprivation had the effect to financially disable plaintiff. The plaintiff testified that "it was hard to get such gearing as that was, and he lost two seasons before he could supply their place, partly for want of ability to buy and partly because it could not be obtained." This evidence (and there is none other having any bearing on the point) we think insufficient to call for a charge based on the hypothesis that the plaintiff was financially disabled, by the seizure or deprivation of the machinery, from supplying its place. The fourth assignment of error is to this part of the charge, and, without having found it necessary to decide whether or not the legal principle laid down is abstractly correct or not, we think it was not applicable to the case, and that it may have influenced the amount of damages allowed by the jury.

There is an assignment of error and bill of exceptions to the

admission of evidence of an attorney's fee paid by Mitchell for services rendered in procuring Findley to approve his replevin bond. Mitchell, in his petition, had alleged such employment as caused by the denial of his right; and in view of that fact, and of his claim for vindictive damages, we are of the opinion that there was no error in admitting the evidence. As the case must be reversed and tried again, we abstain from any comment on the sufficiency of the evidence to make out a case for vindictive damages.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.