JOHN ANDERSON AND J. P. GALBREATH v. A. Y. LARRE-
MORE.

(No. 695, Op. Book No. 2, p. 137.)

APPEAL from Caldwell County. Opinion by WALKER, A. S., J.

§ 947. *Jurisdiction of county court; injunction.* An execution which issued from the district court was levied upon certain wheat and barley, the value of which was within the jurisdiction of the county court. *Held,* that the county court had jurisdiction to enjoin the sale of the property under the execution. [Const. art. V, sec. 16.] The injunction did not seek to correct the judgment of the district court or the process thereon, but only to restrain the alleged illegal seizure of the property. There was no excess or improper exercise of power by the county judge in issuing the injunction.

§ 948. *Exemplary damages; attorney's fees as damages.* In a suit against a sheriff for the wrongful seizure of property under an execution, there being no evidence of ill-feeling or improper motive on his part, the plaintiff is not entitled to recover exemplary damages. [Weaver v. Ashcroft, 50 Tex. 427; Bradshaw v. Buchanan, 50 Tex. 492.] Attorney's fees, when made necessary by a wrongful act, may be recoverable as vindictive damages. [Findley v. Mitchell, 50 Tex. 143; Landa v. Obert, 45 Tex. 539.]

§ 949. *Exemplary damages; act of an attorney.* Where an attorney for plaintiff in execution caused the sheriff to levy upon exempt property, it was held that whilst this tended to show on his part a wilful disregard of the rights of the defendant in execution, the attorney being informed at the time that the property was exempt, this did not render liable for exemplary damages the plaintiff

in execution, there being no evidence to show that he had sanctioned the act of the attorney. [Findley v. Mitchell, 50 Tex. 143; Wallace v. Finberg, 46 Tex. 50.]

§ 950. *Measure of damage for conversion of property.* In a suit for damages for the conversion of property, the ordinary measure of damage is the value of the property at the time it was taken, with legal interest from that date. [Harris v. Finberg, 46 Tex. 80; Wallace v. Finberg, 46 Tex. 48.]

§ 951. *Exempt property; provisions and forage.* "All provision and forage on hand for home consumption" is exempt from execution. [R. S. 2335.] This right is a reality, to be respected by creditors and sheriffs. The debtor, owning a farm and raising grain upon it, has the right to select from such grain what he will use, and to an amount reasonable in quantity. Neither creditor nor officer can determine for him what kind of bread of the grain he has raised, he and his family shall use; nor whether his stock shall be fed on oats or barley. It is no defense to the charge of seizing all the wheat that a debtor has, that he had left a growing crop of corn, or had oats in a stack. A full interpretation of this exemption would probably include grain for seed in farming operations and necessary for home consumption, and certainly includes that which is necessary for the support of the family and stock for the term, until, in the ordinary routine of farm operations, a new supply would be furnished by another crop. The debtor's motives in regard to the exemption are not material, and cannot be inquired into. The question is whether the property is within the exemption. If it is, the claim set up to it by the debtor could not, as to the creditor, be fraudulent, no matter what might be the motives of the debtor.

June 23, 1880.               Reversed and remanded.