HENRY WINKLER ET AL., PLAINTIFFS IN ERROR, V. SIMON ROEDER, DEFENDANT IN ERROR.

1. **Practice :** TRANSCRIPT FOR SUPREME COURT. Where no objection is made to the summons, or to the return of the officer thereon, such summons should be omitted from the transcript. So with journal entries not involved in the case, and the costs of such immaterial matter, if the proper motion is made, will be taxed to the party at fault.

2. **Evidence.** The testimony, *Held*, To sustain the substantive allegation of the petition.

3. **Answer:** GENERAL DENIAL: EVIDENCE. Where the answer is a general denial, the testimony will be confined to facts which tend to prove or disprove the allegations of the petition, and a defendant will not be permitted to interrogate witnesses on cross-examination upon matters not involved in the issue but in the nature of an affirmative defense.

4. **Damages:** ATTORNEY FEES. As vindictive damages cannot be recovered in this state, attorney fees are not recoverable in actions of tort, except where specifically provided for by statute.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*Dilworth, Smith & Dilworth*, for plaintiffs in error, cited : *Dow v. Updike*, 11 Neb., 97. *Hardy v. Miller*, 11 Id., 399. *Otoe County v. Brown*, 16 Id., 398.

*A. H. Bowen* and *J. B. Cessna*, for defendant in error, cited : 1 Sutherland Damages, 71, 727-733. *Boldt v. Budwig*, 19 Neb., 739. *Brown v. Evans*, 17 Fed. Rep., 917. *Smith v. R. R.*, 23 Ohio State, 10. *Marshall v. Betner*, 17 Ala., 838. *Kittle v. DeLamater*, 7 Neb., 70. *Raymond Bros. v. Green*, 12 Id., 215.

MAXWELL, J.

The defendant in error brought an action in the district court of Adams county against the plaintiffs, and alleges

in his petition, "That on the 9th day of November, 1883, in the night time, between the hours of 10 and 11 o'clock of said night, the said defendants broke into the dwelling-house of said plaintiff, and then and there made an assault upon the plaintiff, and did then and there him, the said plaintiff, beat, wound, whip, choke, and ill-treat, by striking said plaintiff on the head and face with a large stick of wood, and by whipping said plaintiff with a carriage whip, on the body of said plaintiff, and by choking him, and by smearing the naked body of plaintiff with tar, whereby plaintiff was bruised, wounded, and made sick, whereby he was unable to attend to business for a period of one year, and that by reason of said assault, beating, wounding, and ill-treatment as aforesaid, said plaintiff has sustained permanent injury by being permanently disabled from performing the usual labor of said plaintiff, and plaintiff alleges that he has sustained damages, by reason of said assault, beating, wounding, ill-treatment, in the sum of five thousand dollars, for which he prays judgment, with reasonable attorneys' fees."

The plaintiffs in error (defendants below) filed an answer, denying all the facts stated in the petition. On the trial of the cause the jury returned a verdict as follows:

"We, the jury in this case, being duly impaneled and sworn, do find and say that we find for the plaintiff, and assess the amount the said plaintiff is entitled to receive of and from said defendants, Henry Winkler, Oscar Winkler, John Blevenicht, and Frederick Young, at $1,000, and $200 attorneys' fees."

A motion for a new trial was duly made and overruled, and judgment entered on the verdict.

Before proceeding to the consideration of the issues involved in this case, we desire to call attention to the condition of the record. The action was commenced in November, 1884, and the trial had in June, 1887, a number of terms of the district court having intervened between the

commencement of the action and the time of trial. No objection is made to the summons, nor could there be, as the plaintiffs in error made a general appearance by filing an answer, yet we have a copy of the summons set out in the transcript, and the several returns of the officer thereon. Neither was any objection made to the several continuances of the case in the district court, but they are set out at length in the record. This matter covers eleven pages, and is entirely needless and should be taxed to the party at fault. In a number of cases this court has held, that immaterial matter, like a copy of a summons, the returns on the same, when no objection is made to the returns or the summons, should be omitted from the transcript. So with a motion, demurrer, or other pleading not relied upon; they should be omitted, as they merely cumber the record. If objection should be made in this court to the omission of any pleading from the transcript, and the proper suggestion filed, the clerk of the district court will be required to certify the pleading omitted. But where unnecessary matters are inserted in the transcript, the costs of the same will be taxed to the party at fault, if the proper motion is made therefor.

The principal errors relied upon in this case are: 1st, That the evidence is not sufficient to sustain the verdict. The testimony tends to show that the plaintiffs in error and others went, at the time stated in the petition, to the house of the defendant in error, and stripped him, inflicted many blows upon his person, and covered him with tar. Upon this point there is practically no dispute in the testimony. The defendant in error claims that the abuse he received caused a rupture, from which his health has been greatly impaired. There is other testimony in the record, however, which clearly shows that the rupture complained of had existed for a long time prior to the injuries inflicted by the plaintiffs in error. As to other injuries, however, the allegations of the petition are fully sustained. The first objection, therefore, is untenable.

2d, The second objection is, that the cross-examination of the defendant and his witnesses was too much restricted. The answer being a general denial, the only issue was as to the truth of the allegations of the petition. A persistent effort was made, however, on behalf of the plaintiffs in error, to introduce affirmative proof, on cross-examination, which the court properly refused to admit.

3d, Objection is made to the attorney fees, and it is claimed they cannot be recovered under our statutes.

In *Roberts v. Mason*, 10 O. S., 277, it was held, that attorney fees were proper in this class of cases. An examination of the case, however, shows that the court approved of the rule of exemplary or vindictive damages, and therefore, the court say: "The jury, which has the power to punish, has necessarily the right to include the consideration of proper and reasonable counsel fees in their estimate of damages." The court held that, in actions upon contract, or nominally in tort, that attorney fees ought not to be included. This case was cited with approval in *Smith v. Pittsburg, Ft. Wayne & Chicago Railway Co.*, 23 O. S., 10. In this state, however, vindictive or exemplary damages are not allowed. *Boyer v. Barr*, 8 Neb., 71. *Roose v. Perkins*, 9 Neb., 315. *Riewe v. McCormick*, 11 Neb., 264. *Boldt v. Budwig*, 19 Neb., 739. Damages being compensatory, therefore, and not vindictive, we know of no rule that would require the allowance of attorney fees in an action of tort, and deny the same in an action on contract. In both classes of cases the plaintiff recovers according to his rights, and justice will be best subserved by applying the same rule in both classes, unless where the statute provides differently. The rule adopted in *Dow v. Updike*, 11 Neb., 97, *Hardy v. Miller*, 11 Id., 399, *Otoe County v. Brown*, 16 Id., 398, is applicable to cases of tort. This rule has been in force ever since the organization of state courts, and if changed it should be by statute.

The defendant in error has leave to remit from the judgment within twenty days the sum of $200, attorney fees, and upon condition that the remittitur is made, the judgment of the district court will be affirmed; otherwise it will be reversed.

JUDGMENT ACCORDINGLY.

THE other judges concur.