## J. J. BECKHAM v. F. P. COLLINS.

. Decided February 27, 1909. .

**1.—Contract—Prior Negotiations—Merger.**

All conversations and negotiations had prior to the execution of a written contract are merged in the same.

**2.—Same—Contract in Writing—Parol Evidence.**

In the absence of allegation in the pleading that there was fraud, accident or mistakes in the execution of the written contract, parol evidence is inadmissible to change or vary its terms.

**3.—Evidence—Contract in Writing—Prior Negotiations.**

Where a rental contract reduced to writing bound the tenant to allow no burrs or weeds to go to seed upon the land, testimony that prior to the execution of the writing the landlord in a conversation with the tenant released the latter from the obligation to keep the land free from weeds and burrs, varied the terms of the written contract and was not admissible in evidence.

**4.—Damages—Attorney's Fees—Distress for Rent.**

In a cross-action by the tenant to recover actual and exemplary damages for illegally and unjustly suing out a distress warrant, he was not entitled to recover fees which he had promised to pay his attorneys for their services for prosecuting his claim for damages.

**5.—Case Distinguished.**

Findley v. Mitchell, 50 Texas, 143.

**6.—Landlord and Tenant—Lien—Removal of Crops—Statute.**

Where the tenant owes for rent or advances made by the landlord to enable him to raise a crop on the rented premises, the statute gives the landlord a lien on the crops to secure same; and it is unlawful for the tenant to remove said crops or any part thereof from the premises without the consent of the landlord. Revised Statutes, art. 3236.

**7.—Distress for Rent—Removal of Crops—Statute.**

If the tenant owes the landlord for rents and advances and is removing any of the crop from the rented premises without the consent of the landlord, the latter is authorized by statute to sue out a distress warrant, and the suing out of the writ under such circumstances is not illegal. Revised Statutes, art. 3240.

**8.—Same—Damages.**

To entitle the tenant to recover damages for the suing out of a distress warrant, he must show that the writ was both illegally and unjustly sued out.

**9.—Same—Exemplary Damages.**

If the tenant is not entitled to actual damages for the suing out of a distress warrant, he cannot recover exemplary damages.

**10.—Same—Damages—Vexation.**

In an action by the tenant to recover damages for suing out a distress warrant, there can be no recovery for vexation, or for items not sued for.

Appeal from the County Court of Limestone County.    Tried below before Hon. James Kimbell.

*Thos. J. Gibson,* for appellant.

No brief for appellee.

BOOKHOUT, Associate Justice.—The appellee not having entered an appearance in this court, we take the statement of the case from the brief for the appellant, as follows: F. P. Collins, appellee, defendant below, rented from appellant in the year 1907, under a written contract, 75 acres of land, for which he was to pay as rents one-third of the corn and one-fourth of the cotton, cotton seed, etc. Prior to December 4, 1907, the tenant had removed from the rented premises four bales of cotton without his landlord's consent, and one bale over his protest and that of his manager. On the day last named appellant sued out a distress warrant before the justice of the peace in the precinct in which the premises were situated, and the constable levied on certain corn and cotton, gathered and ungathered, that he valued at $204. Plaintiff claimed in his suit $161.58 for rents and advances, and asked for foreclosure of his landlord's lien. He also sued for $35 damages for breach of contract, but for the security of these damages he claimed no lien. On January 7, 1908, the parties appeared, and defendant moved to quash the distress warrant and to dismiss the case because the return of the officer showed that the property was valued by him at more than $200. These motions were overruled. He filed a written answer claiming that the distress warrant was illegally and unjustly sued out, and laid his damages at $37.50 actual and $160 exemplary damages. The case was tried by a jury in the Justice Court and resulted in a verdict for $100 damages in favor of defendant. Plaintiff appealed to the County Court. On March 9, 1908, the case was tried by a jury in the County Court and resulted in a verdict and judgment in favor of defendant for $317.81. Plaintiff perfected an appeal to this Court.

Upon the trial defendant was permitted to testify over plaintiff's objection as follows: "After I had been on the place about a month, and about the first of February, 1907, Mr. Beckham came to my house and stayed all night. After supper we were sitting before the fire and I said to him that he told me he had had the burrs and weeds cleaned off the land the year before. That such was not the case, and unless he released me from that part of my contract in which I agreed to keep the land clean of burrs and weeds I would have to leave the place. He replied, 'All right; go ahead and do the best you can; I will do what is right.'" The objection made to this evidence was that it

sought to vary the terms of the written contract between the parties. The plaintiff had read in evidence a written contract between himself and defendant, wherein defendant had agreed to cultivate all the land and allow no burrs or weeds to go to seed upon the land. The conversation testified to by defendant took place prior to the execution of the written contract and in effect varies its terms. The rule is that all conversations and negotiations had prior to the execution of the written contract are merged in the same. There being no allegation in the pleading that there was any fraud, accident or mistake in the execution of the contract, parol evidence was inadmissible to change or vary its terms. For the same reason the trial court erred in admitting the testimony of the witnesses Agnes Collins, May Collins and T. M. Leamons to the same conversation.

Complaint is made of the paragraph of the court's charge wherein the jury were instructed that defendant would be entitled to recover reasonable attorney's fees if they found the distress warrant was sued out maliciously, and without probable grounds. The appellee alleged that he had been compelled to pay fifty dollars attorneys' fees because of the malicious acts of plaintiff, and prayed judgment therefor as part of the exemplary damages sought to be recovered by him. He testified he had promised to pay his attorneys $50 for their services, but had not paid them because he did not have the money. In the case of Landa v. Obert, 45 Texas, 540, which was a suit to recover damages for malicious prosecution, the court, on page 540, says: "When a party is entitled to vindictive damages, the jury in making up their verdict may, no doubt, if they are so disposed, consider the plaintiff's expenses in prosecuting the suit. And if their verdict is not so grossly excessive as to warrant the court in setting it aside, no inquiry can be made as to the inducement operating on their minds in reaching their conclusion. And there are, unquestionably, cases in which the court has suggested such expenses as a proper subject for the consideration of the jury in fixing damages that should be allowed the plaintiff. But we are of the opinion that the decided weight of authority is against the proposition that the plaintiff has the right to claim his counsel fees, even in such cases, as a part of his damages. For if so, and the jury failed to allow them, it would seem their verdict should be set aside." This case we regard as authority that attorneys' fees as such are not recoverable in this State in a suit for damages for malicious prosecution. It has been held attorneys' fees are recoverable where made necessary by the wrongful act. (Findley v. Mitchell, 50 Texas, 143; Anderson v. Galbreath, 1 Texas App. Cases, sec. 948.)

In the case of Findley v. Mitchell, above cited, Mitchell sued Findley, a constable, and his sureties for wrongfully refusing Mitchell the right to replevy certain property seized by the constable under a writ of sequestration. Mitchell employed counsel to aid in replevying the property and set up the counsel fees as part of his damages. The trial court admitted evidence of the attorneys' fees paid by Mitchell for services rendered in inducing Findley to approve his replevin bond. On appeal it was held that the evidence was properly admitted, the court saying: "Mitchell in his petition had alleged such employment

as caused by a denial of his right; and in view of that fact, and of his claim for vindictive damages, we are of the opinion that there was no error in admitting the evidence." In that case the attorneys' fees were made necessary by the wrongful act. In the instant case attorneys' fees are no part of the damages resulting as the natural and proximate consequence of the wrong complained of. This Court has repeatedly held that attorneys' fees are not recoverable as such in a suit for the malicious suing out of an attachment. (Yarborough v. Weaver, 6 Texas Civ. App., 215; Strauss v. Dundon, 27 S. W., 503; Jackson v. Poteet, 89 S. W., 980; Chisenhall v. Hines, 100 S. W., 362; Sherrick v. Wyland, 14 Texas Civ. App., 299; Webb v. Harris, 1 Texas App. Cases, sec. 1035.) We hold that the plaintiff Collins was not entitled to recover fees which he had promised to pay his attorneys for their services for prosecuting his claim for damages.

It is contended that the verdict for exemplary damages is without evidence to support it and is contrary to the evidence, for that the uncontradicted evidence shows that defendant owed plaintiff an account for rents and advances due and owing him, and while said account was so due and owing defendant removed four bales of cotton raised on the rented premises from said premises without plaintiff's consent, and removed another bale over the protest of plaintiff. The defendant admits removing the cotton from the rented premises without the consent of plaintiff. As we understand defendant's evidence he admits owing some money to plaintiff on the rents and advances, but seeks to offset this with grubbing done by him on the premises. If defendant was owing plaintiff any sum for rents or advances made by plaintiff to enable defendant to raise a crop on the rented premises, then under the statute the plaintiff had a lien on said crops to secure the same, and it was unlawful for defendant to remove said crops or any part thereof from the rented premises without the consent of the landlord. (Art. 3236, Sayles' Civ. Stats.; Wilkes v. Adler, 68 Texas, 690.) If the defendant was owing plaintiff for rents and advances, and was removing any of the agricultural products from the rented premises without the consent of the landlord, then under the statute plaintiff was authorized to sue out a distress warrant, and the suing out of the writ under such circumstances was not illegal. (Art. 3240, Sayles' Civ. Stats.)

In order to entitle defendant to recover damages he would have to show that the distress warrant was both illegally and unjustly sued out. (Slay v. Milton, 64 Texas, 44.) Unless the suing out of the distress warrant by plaintiff was both illegal and unjust, he was not entitled to damages. If defendant was not entitled to actual damages he could not recover exemplary damages.

The defendant claimed actual damages as follows:

Corn eaten up in field while under levy....................$ 12.50
Cotton destroyed while under levy ........................ 25.00

EXEMPLARY DAMAGES.

| | |
|---|---|
| Attorneys' fees he was compelled to pay | $ 50.00 |
| Time lost | 50.00 |
| Anxiety of mind | 60.00 |
| A total of | $160.00 |

The verdict of the jury is as follows:

| | |
|---|---|
| Damages on corn | $ 5.00 |
| Damages on cotton | 12.00 |
| Damages gathering crop | 36.00 |
| Total actual damages | $ 53.00 |

| | |
|---|---|
| Attorneys' fees | $ 50.00 |
| Lost time | 25.00 |
| Vexation | 25.00 |
| Two-thirds corn | 48.60 |
| Three-fourths of cotton | 132.40 |
| Cotton seed | 20.00 |
| Total exemplary damages | $301.00 |

And a total of actual and exemplary damages, $354. This was $197.50 more than claimed by defendant in his answer. We have held that attorneys' fees were not recoverable, and we know of no authority for a recovery for vexation in a suit of this character. The jury under no circumstances could give damages for items not sued for. The judgment is reversed and the cause remanded.

*Reversed and remanded.*