TYLER v. SOWDERS.     (No. 5437.)

(Court of Civil Appeals of Texas. Austin. Feb. 3, 1915.)

LANDLORD AND TENANT ⟨⟩274—WRONGFULLY SUING OUT DISTRESS WARRANT—LIABILITY FOR ATTORNEY'S FEES.

The rule that, in the absence of a contract to pay the same, neither party can recover attorney's fees expended by him in prosecuting and defending an action, applies to a case where a landlord has unlawfully sued out a distress warrant and procured a levy thereunder, and the tenant may not recover attorney's fees.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1154–1166; Dec. Dig. ⟨⟩274.]

Appeal from Milam County Court; John Watson, Judge.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by John Tyler against J. T. Sowders. From a judgment for defendant, plaintiff appeals. Reformed and affirmed.

See, also, 172 S. W. 205.

W. A. Barlow, of Taylor, for appellant. E. A. Camp, of Rockdale, for appellee.

KEY, C. J. This case is appealed from the county court of Milam county. Appellant owns a farm, a portion of which he leased to appellee for the year 1913. In October, 1913, appellant instituted a judicial proceeding for the purpose of collecting his rent and the amount due on a promissory note for a certain advancement to enable the tenant to make a crop, and under that proceeding a distress warrant was sued out and levied upon certain cotton and cane grown upon the land and owned by the tenant. The tenant, who was defendant in the court below, filed a cross-action for damages for the wrongful suing out of the distress warrant, for breach of the rent contract, and for the recovery of a certain amount alleged to be due from the plaintiff to him for services performed for the plaintiff concerning the rented premises, and for $50 attorney's fee expended by him in defending against the plaintiff's suit. In his cross-action he set up some other items of damage, which were disallowed by the trial court, and are not now involved. There was a nonjury trial, which resulted in a finding that the defendant was indebted to the plaintiff in the sum of $257.95, and that the plaintiff was indebted to the defendant for damages, etc., in the sum of $349.50, and, striking a balance, judgment was rendered for the defendant against the plaintiff for the sum of $91.50, and the plaintiff has appealed.

We have considered all the questions presented in appellant's brief, and have reached the conclusion that they should all be decided against him, except his contention that appellee was not entitled to recover $50 as attorney's fee, as held and allowed by the trial court. It is a well-settled general rule of law that, in the absence of a contract to pay the same, neither party can recover attorney's fees expended by him in prosecuting or defending a lawsuit, and that rule has been applied to cases like this, where process had been unlawfully sued out and levied. Chisenhall v. Hines, 100 S. W. 362; Beckham v. Collins, 54 Tex. Civ. App. 241, 117 S. W. 431, and authorities there cited. Hence we hold that the trial court committed error in the matter referred to, but that holding does not require a reversal of the entire case.

It is therefore ordered that the judgment of the court below be reformed, so as to limit appellee's recovery to the sum of $41.50 and costs of the trial court, and that appellee pay all the costs of the appeal; and, as thus reformed, the judgment of the trial court will be affirmed.

Reformed and affirmed.