STREETMAN et al. v. LASATER et al.
(No. 562.)

(Court of Civil Appeals of Texas. El Paso. April 27, 1916.)

1. LANDLORD AND TENANT ⟨⟩273(1)—DISTRESS — WRONGFUL LEVY — LIABILITIES ON BONDS—EXTENT—PUNITIVE DAMAGES.

The sureties on a distress warrant bond are not liable for exemplary damages, though they are liable for actual damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1149, 1150; Dec. Dig. ⟨⟩273(1).]

2. LANDLORD AND TENANT ⟨⟩273(1) — DISTRESS — LIABILITIES ON BONDS — EXTENT — COSTS.

While sureties on a distress warrant bond are not by reason of being on the bond, responsible for all the costs of the suit, they are liable for costs incurred by them or on account of their appeal.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1149, 1150; Dec. Dig. ⟨⟩273(1).]

3. APPEAL AND ERROR ⟨⟩938(4) — PRESUMPTIONS.

Where the statement of facts was made up by the court after failure of the parties to agree, it will be presumed that the bill of exceptions properly recites the facts.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3800; Dec. Dig. ⟨⟩938(4).]

4. MALICIOUS PROSECUTION ⟨⟩67—WRONGFUL DISTRESS — ACTIONS—EVIDENCE—DAMAGES.

A tenant suing for damages for the wrongful suing out of a distress warrant by the land-

lord could not testify over objection that after service of the distress warrant he could not rent another place in the county, and that he and the members of his family were in bad health, that being evidence of damages too remote and speculative.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 155, 156; Dec. Dig. ⟨⟩67.]

5. MALICIOUS PROSECUTION ⟨⟩50 — WRONGFUL DISTRESS — ACTIONS—PLEADING—MALICE.

A tenant's petition seeking recovery for alleged wrongful suing out of a distress warrant, charging that the writ was issued and served without cause, illegal, unjust, and for the purpose of harassing and vexing the tenant and putting him to trouble and expense, and impairing his credit and reputation in the community, sufficiently charges malicious suing out of the writ, although it does not use the word "malice."

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 97; Dec. Dig. ⟨⟩50.]

6. MALICIOUS PROSECUTION ⟨⟩68—WRONGFUL DISTRESS—DAMAGES—ELEMENTS.

If properly alleged together with a charge of malice, mental worry and trouble, and damage to reputation and credit are proper elements to be considered in estimating exemplary damages for the wrongful suing out of a distress warrant by the landlord upon the tenant's goods.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 157; Dec. Dig. ⟨⟩68; Damages, Cent. Dig. § 204.]

7. MALICIOUS PROSECUTION ⟨⟩67 — WRONGFUL DISTRESS—ACTIONS—DAMAGES—ATTORNEY'S FEES.

In the absence of a contract to pay them, neither party can recover attorney's fees expended in prosecuting or defending an action by the landlord where he has unlawfully sued out a distress warrant.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. §§ 155, 156; Dec. Dig. ⟨⟩67.]

8. MALICIOUS PROSECUTION ⟨⟩68—WRONGFUL DISTRESS—EXEMPLARY DAMAGES—DISCRETION OF JURY.

Exemplary damages for the wrongful suing out of a distress warrant are allowed as a punishment, and are largely in the discretion of the jury.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 157; Dec. Dig. ⟨⟩68; Damages, Cent. Dig. § 204.]

9. MALICIOUS PROSECUTION ⟨⟩69—WRONGFUL DISTRESS—EXCESSIVE DAMAGES.

Verdict for $75 exemplary damages for the tenant for wrongful suing out of a distress warrant by the landlord held not excessive.

[Ed. Note.—For other cases, see Malicious Prosecution, Cent. Dig. § 158; Dec. Dig. ⟨⟩69.]

Error from Taylor County Court; E. M. Overshiner, Judge.

Action by J. W. Streetman and others against C. B. Lasater and others. Judgment for defendants on their cross-action against plaintiff Streetman and his sureties, and the plaintiffs bring error. Reversed and remanded.

S. P. Hardwicke, of Abilene, for plaintiffs in error. Ben L. Cox, of Abilene, for defendants in error.

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HARPER, C. J. In this' case, appellant Streetman sued appellee C. B. Lasater upon a note for $30, and to foreclose landlord's lien, made affidavit and bond, and procured the issuance and service of a distress warrant upon two bales of cotton, one as the property of Lasater, and the other as the property of Wristen & Johnson, with W. L. Grogan and H. B. Cooke, sureties on the bond. Trial in justice court resulted in judgment for the amount of note, with foreclosure of lien. An appeal was taken to the county court, where the same judgment was rendered. The cause was then appealed to the Court of Civil Appeals, Second District. Reversed and remanded, with holding that no lien existed. A more complete statement of the nature of the suit is contained in the opinion to be found in 154 S. W. 657.

Upon return of the mandate, the cause again came on for trial. Defendants Wristen & Johnson were dismissed from the suit, and defendant Lasater admitted the plaintiff's cause of action upon the note and reconvened for damages against Streetman and the sureties upon the distress bond for damages, for wrongful issuance and levy of distress warrant, and by his pleadings set up the following items of damages:

Actual damages, decrease in the price of
　the cotton .......................$   6.00
Interest ............................   3.00
Exemplary damages, attorney's fees....  25.00
Damages to reputation and credit......  65.00
Mental worry and trouble on account of
　unlawfully suing out and levy of writ.. 100.00

To this cross-action the plaintiff and his sureties demurred as to each item thereof, because not a proper element of damages, and specially denied the allegations, and pleaded that the distress warrant was sued out in good faith upon legal advice and without malice, etc. Tried before a jury and a verdict was rendered for $9 actual damages, and $75 exemplary damages, in favor of Lasater, and in favor of Streetman for $45.37, being amount of the note, interest, and attorney's fees. Thereupon the court entered judgment for appellee for $38.63, being the difference between the two, against Streetman and the sureties upon the bond, from which the cause is brought here by writ of error for review.

[1] The first and third assignments urge that the court erred in rendering judgment against the sureties for exemplary damages. The appellee concedes the point to be well taken, and the proposition of law is settled in this state (Lynch v. Burns, 79 S. W. 1086) in support of the assignment. But they are held liable for actual damages. Findley v. Mitchell, 50 Tex. 147.

The second is that the court erred in rendering judgment for costs against the sureties, because they are not responsible for costs by reason of the bond.

[2] It is true the sureties are not responsible by reason of the bond for all the costs of the suit, but they are liable for all costs incurred by them, and the judgment of the court properly limits their liability. It reads:

"It is therefore ordered, adjudged and decreed by the court that the plaintiff J. W. Streetman take nothing herein as against any defendant, and that defendants Wristen & Johnson go hence without day and recover of and from the plaintiff J. W. Streetman and his sureties on his distress bond, to wit, H. B. Cooke and W. L. Grogan, jointly and severally, all costs incurred by them and paid out by them herein which arose by virtue of the unlawful and unjust issuance and levy of distress warrant upon their bale of cotton described in the pleadings, and that they recover of plaintiff alone all other costs incurred herein by them in prosecuting their defense herein and which did not accrue by virtue of said unjust and illegal levy, for all of which let execution issue."

[3] The fourth assignment charges that it was error for the court to permit the plaintiff to testify that:

"After he had made an attempt to make a crop on some new land, the next year he had to move to Wise county."

The statement of facts does not contain any such testimony, and for that reason the appellee objects to our considering the assignment. The statement of facts was made up by the court after the parties had failed to agree; in such cases it is presumed that the bill of exceptions properly recites the facts.

[4] By the fifth assignment, it is urged that it was error to permit plaintiff to testify that he and members of his family were in bad health. And by the sixth, that it was error to permit plaintiff to testify over objection that after the distress warrant was served he was unable to rent another place in Taylor county, except to break new land for what he could make on it.

The evidence, the admission of which is complained of in the three preceding assignments, was not competent, because too remote and speculative. It did not embrace the elements of actual or exemplary damages; therefore the exception to it should have been sustained. Burger v. Rhiney, 42 S. W. 590; Findley v. Mitchell, 50 Tex. 147.

[5, 6] The ninth is that the court erred in overruling exceptions to the $100 item, mental worry and trouble, and the tenth is that the item for $65 as damages to reputation and credit is not a proper element of damages. The petition alleged:

"That the writ was caused to be issued and served without cause, illegal, unjust, and for the purpose of harassing and vexing the defendant, for the purpose of putting him to trouble and expense, and for the purpose of impairing his credit and reputation in the community," etc.

While the petition does not contain the term "malice," we think the allegations are sufficient to charge that the writ was maliciously sued out; and, if so, they become proper elements of damages, not actual damages, but may be considered by the jury in estimating exemplary damages. Sedgwick on Damages (9th Ed.) § 359; Trawick v. Martin Brown Co., 79 Tex. 460, 14 S. W. 564;

Biering v. First National Bank of Galveston, 69 Tex. 599, 7 S. W. 90; Kaufman & Runge v. Wicks, 62 Tex. 234; Culbertson v. Cabeen, 29 Tex. 247; Kaufman & Runge v. Armstrong, 74 Tex. 65, 11 S. W. 1048.

[7] The eleventh claims that the item of $25 attorney's fees was not a proper item of damages. In Tyler v. Sowders, 173 S. W. 640, it was held:

"It is a well-settled general rule of law that, in the absence of a contract to pay the same, neither party can recover attorney's fees expended by him in prosecuting or defending a lawsuit, and the rule has been applied to cases where a landlord has unlawfully sued out a distress warrant"

—citing other cases. The assignment is therefore good.

[8, 9] The seventh and eighth urge that the exemplary damages awarded by the jury's verdict are excessive and out of proportion to the actual damages. Exemplary damages are allowed in such cases as this as a punishment to the wrongdoer and are largely in the discretion of the jury, and we cannot under the facts of this record hold that the amount is excessive.

For the errors indicated, the cause must be reversed and remanded for a new trial.