SAMUEL v. BRANCHE et al.   (No. 2124.)

(Court of Civil Appeals of Texas. Texarkana. May 1, 1919. Rehearing Denied May 15, 1919.)

1. PRINCIPAL AND AGENT ☞75 — PURCHASE BY AGENTS FOR THEMSELVES—KNOWLEDGE BY PRINCIPAL.

Where the owner of land received the proceeds of sale thereof with knowledge that her agents were the real purchasers, she is not entitled to cancellation of her deed executed to one of them on the ground that they abused their relation of trust and confidence.

2. APPEAL AND ERROR ☞209(1) — CONCLUSIVENESS OF FINDINGS — ABSENCE OF ATTACK.

Where there is no attack on the findings of fact filed by the trial court as not sustained by evidence, the Court of Civil Appeals will treat them as conclusive.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Suit by Berta V. Samuel against Claud Branche and another. From judgment for defendants, plaintiff appeals. Affirmed.

J. G. Matthews, of Greenville, and Chas. S. Todd, of Texarkana, for appellant.

Clark & Sweeton, Neyland & Neyland, and T. D. Starnes, all of Greenville, for appellees.

HODGES, J. The appellant instituted this suit in the district court of Hunt county to cancel a deed executed by her to one of the appellees and to recover certain lots described in her petition as a part of an addition to the city of Greenville. The petition charges that the appellant was originally the owner of the property referred to, and that for the purposes of sale she placed it in the hands of the appellees Humphreys & Branche; that Humphreys & Branche entered into a fraudulent agreement with the appellee Brooks, whereby they secretly purchased the land for themselves at a price much below its actual value, taking the title in the name of Cyrus B. Graham; that the appellant never consented to the purchase by her agents, and conveyed it in ignorance of a collusion between them and Brooks. She alleges that a part of the land was thereafter sold to the city of Greenville for a sum largely in excess of that received by her.

In a trial before the court without a jury, judgment was rendered in favor of the appellees. The court filed findings of fact and conclusions of law, in which are stated all the facts essential to a proper understanding of the case.

In substance, the findings are as follows: At the time alleged, the plaintiff was the owner of the land in controversy; and, desiring to sell it, placed it in the hands of Humphreys & Branche, real estate agents, agreeing to accept the sum of $650, which, however, she considered about half the value of the land. From this she was to pay to Humphreys & Branche a commission of 5 per cent. if they succeeded in making the sale. At that time a portion of the property had no market value, by reason of its proximity to a cemetery and the existence of an injunction against the city of Greenville restraining the extension of the limits of the cemetery to additional land. After diligent efforts, Humphreys & Branche failed to find a purchaser at the plaintiff's price. They endeavored to

sell a portion of the land to the city of Greenville, but, on account of the injunction referred to, were unsuccessful. After having failed to sell the property to other parties, Humphreys proposed to his partner, Branche, that he (Humphreys) would buy the land at the price of $725 and take the title in the name of his nephew, C. B. Graham. The title was taken in that way on account of some judgments against Humphreys. Branche reported this sale to the plaintiff, and she agreed to it, and thereafter executed a deed to Graham, which she turned over to Humphreys or Branche for delivery. Prior to that transaction, Humphreys had made arrangements with Brooks by which Graham was to convey the land to Brooks as security; Brooks agreeing to advance Humphreys the money to pay for the land. After the plaintiff had conveyed the property to Graham, Humphreys & Branche agreed between themselves that Branche should participate in the transaction as a purchaser. Graham executed and delivered a deed conveying the property to Brooks, who upon that security loaned Humphreys & Branche the money with which to make their payment to the plaintiff; payment to be made upon completion of an abstract showing a good title. While the abstract of title was being prepared, certain creditors of the plaintiff were pressing her for the payment of interest on notes owed by her and secured by a deed of trust on other land. Upon the application of plaintiff, Brooks, who was the cashier of the First National Bank of Greenville, agreed to furnish her the money. He informed her of his agreement to let Humphreys & Branche have the money to pay her for the land purchased by them. When completed, the abstract disclosed the existence of delinquent taxes and old judgment liens. From the sum which Brooks had agreed to lend to Humphreys & Branche to pay for the purchase of the land, he deducted an amount sufficient to cover the back taxes and judgment liens, paid off a draft which had been drawn on the plaintiff for the interest due on her notes, and paid the balance over to her. This she accepted with knowledge that Humphreys & Branche were the real purchasers of the property and had furnished the money to pay for the same. Humphreys & Branche neither claimed nor collected any commission on the sale. Thereafter they renewed negotiations with the city of Greenville, and, after settling the controversy with property owners adjacent to the cemetery who were interested in the injunction referred to, sold to the city a part of the property adjoining the cemetery for $1,200.

[1] The court concludes, as a matter of law, that the plaintiff, having received the proceeds of the sale with the knowledge that Humphreys & Branche, her agents, were the real purchasers, is not entitled to recover,

and that judgment should be rendered for the defendants.

[2] In this appeal the appellant assails the judgment principally upon the ground that it is not supported by the evidence. There is no attack upon the findings of fact filed by the court; and, in the absence of a complaint of the insufficiency of the evidence to support these findings, we must treat them as conclusive.

The judgment is affirmed.