## CITY OF CLIFTON v. WOODLIEF ENGINEERING CO. et al. (No. 231.)

(Court of Civil Appeals of Texas. Waco. April 23, 1925. Rehearing Denied June 4, 1925.)

1. Costs ⬀10—Contract for payment of "expenses incurred" held not to refer to attorneys' fees.

In contract between city and owner of electric light company, provision that, in event engineer's valuation report is rejected, party so rejecting shall bear all expenses so incurred, but if such valuation is accepted by both parties, then expenses incurred shall be borne equally by both parties, the expression "expenses so incurred" *held* to refer to charge for valuation report and nothing more, and not to authorize one party to recover attorney's fees against other in litigation by engineers to recover their compensation.

2. Contracts ⬀280(1)—Engineering company, acting as appraisers of property, held required to exercise highest degree of diligence in making correct report.

Engineering company, acting as appraiser of property as between a city contemplating its purchase, and the owner thereof, *held* required to exercise ordinary care to make a correct valuation report, which meant the exercise of the highest degree of diligence.

3. Appeal and error ⬀1010(1)—Court of Civil Appeals held not at liberty to disturb judgment sustained by some evidence.

In action tried before court without a jury, where no findings of facts by trial court were

made, Court of Civil Appeals *held* not at liberty to disturb the judgment, where there was evidence to sustain it.

Appeal from Bosque County Court; B. F. Word, Judge.

Action by the Woodlief Engineering Company against the City of Clifton and R. O. Bass. From a judgment for plaintiff against both defendants, and in favor of defendant Bass against his codefendant city, the latter appeals. Affirmed in part, and reversed and rendered in part.

H. J. Cureton, of Meridian, for appellant. Otis Bowyer, Jr., of Dallas, and Nat Harris, of Waco, for appellees.

STANFORD, J. The city of Clifton, appellant, and R. O. Bass, owner of the Clifton Electric Light Company, one of the appellees herein, as parties of the first part, on the 16th day of June, 1923, entered into a contract with appellee Woodlief Engineering Company, by the terms of which the engineering company agreed to make, in triplicate, a detailed, itemized, engineering valuation report upon the real estate, buildings, and physical properties belonging to the Clifton Electric Light Company, R. O. Bass, sole owner, located at Clifton, Tex.; said report to show the reproductive value, the same to be ascertained by prevailing market quotations and conditions of construction; the depreciation due to age and condition; the present sound value, the same to be ascertained by deducting the depreciation from the reproductive value, also the going value, and give finally the whole value of the property, upon which it should be purchased and sold; one copy of said report to be furnished to the city of Clifton, one to R. O. Bass, and one retained by the engineering company. Said contract further provided that, upon the delivery of said report, the city of Clifton and the light company, or R. O. Bass, jointly, would pay the engineering company $750. The record discloses further that the city of Clifton and R. O. Bass, sole owner of the light plant, had entered into a contract, by the terms of which Bass had agreed to sell to said city, and said city had agreed to purchase, said light plant, said city having arranged to issue bonds to the amount of $35,000 for said purpose. Article 10 of the contract between the city of Clifton and R. O. Bass, as far as the same is material here, is as follows:

"The purchaser and seller herein expressly agree to the valuation engineer selected by said purchaser and seller, who is agreeable to both parties hereto, and that but one shall be used. In the event that his valuation is rejected, the party so rejecting shall bear all expenses so incurred; however, if his valuation is accepted by both parties, then the expenses incurred shall be borne equally by both parties."

This contract between the city and Bass was entered into September 28, 1922. The appellee engineering company brought this suit on its contract with the city of Clifton and R. O. Bass, alleging, in substance, that they had made said valuation report, as per contract, and that the city and Bass had refused to pay said $750, etc. The city filed an answer, alleging, in substance, that the consideration for the employment of the engineering company was to ascertain the correct value of the electric light property owned by R. O. Bass, and the value on which the city was to buy and Bass was to sell same; that the engineering company was familiar with the contract between the city and Bass, and fully understood the purpose for which said valuation report was desired, and said engineering company represented that they could and would make a correct report upon which said plant was to be sold and purchased; and alleged, further, that the consideration for said contract had failed, in that the engineering company, by reason of its negligence and carelessness, had placed the value of said property much higher than it should have been, pleading specifically items overvalued, amounting in the aggregate to some $4,000, and that therefore said report was of no value to the city. Appellee Bass answered, contending the valuation report was correct, and that the $750 should be paid; that by reason of the city refusing to accept said report the city became liable for the whole of the $750, and that, by reason of article 10 of said contract with the city, he was entitled to judgment over against the city for any judgment the engineering company might recover against him; and that the report was rejected by the city without good cause, maliciously, for the purpose of injuring him, and, by reason of the city's wrongful conduct in refusing to pay said $750, he had been compelled to employ an attorney, and asked for $100 attorney's fees, etc.

The cause was tried before the court without a jury, resulting in a judgment in favor of the engineering company against appellant and appellee Bass for $750, and for the appellee Bass over against appellant for any part of said judgment he may be required to pay, and also for $100 attorney's fees.

#### Opinion.

[1] Under appellant's first and second assignments appellant contends that the trial court erred in rendering judgment against it in favor of appellee Bass for $100 attorney's fees, because there was no evidence of any contract on the part of appellant to pay attorney's fees, and no facts were shown that would bring such claim within any rule of law permitting the recovery of attorney's fees. There is no contract requiring appellant to pay appellee Bass attorney's fees in

any contingency. In his brief appellee Bass seems to rely upon article 10 of his contract with appellant, as follows:

"In the event that his (the engineer's) valuation is rejected, the party so rejecting shall bear all expenses so incurred; however, if his valuation is accepted by both parties, then the expenses incurred shall be borne equally by both parties."

The expression, "expenses so incurred," clearly means the charge for the valuation report, and nothing more, and this was the understanding appellee Bass had, for he testified:

"If I refuse to sell at the valuation placed by the plaintiff on the plant, then I will pay all of the costs of valuation engineer, and the city of Clifton also agreed that if it refused to buy at the value placed by the engineer to be selected, that the city of Clifton should pay the costs of the engineer's work and report."

Clearly, appellee Bass had no contract with appellant providing for attorney's fees in any event, and there is no pleading in the record that he did so have. This case does not come within any rule of law permitting the recovery of attorney's fees. The engineering company had the right to make Bass and appellant parties defendant, and Bass had the right to ask for a judgment over against appellant, his codefendant, and to contend for same. Appellant had a perfect right to defend against the suit of the engineering company. In fact, appellant had the right to defend, if it so desired, against the demands of both the engineering company and Bass, without incurring any liability for attorney's fees to either. In this case we think appellant had substantial grounds of defense against the demand of the engineering company, but, if it had not had any, it would not have incurred liability for attorney's fees to appellee Bass or the engineering company. Salado College v. Davis, 47 Tex. 131; Tunstall v. Clifton (Tex. Civ. App.) 49 S. W. 244; Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153; American Nat. Bank v. Turner (Tex. Civ. App.) 226 S. W. 487; Landa v. Obert, 45 Tex. 544; Leventhal v. Hollamon (Tex. Civ. App.) 165 S. W. 6; Beckham v. Collins, 54 Tex. Civ. App. 241, 117 S. W. 431; Winkler v. Roeder, 23 Neb. 706, 37 N. W. 607, 8 Am. St. Rep. 155, and note. We sustain these assignments. Under no view of the case was appellee Bass entitled to recover the $100 attorney's fees.

[2] Under his third assignment appellant contends that the judgment of the trial court awarding appellee engineering company a recovery of $750 is unsupported by the evidence, in that said company was grossly negligent in placing the value of certain parts of said plant much higher than it should have been, and that by reason of said excess valuation said report was of no value to appellant, etc. The representative of the appellee engineering company who made said report knew that in making said report he was a joint employee of the city of Clifton and R. O. Bass, the owner of the light plant. He also knew that his report was desired as a basis for the sale by appellee Bass and the purchase of said light plant by the city of Clifton. He also knew that, by the terms of the contract between appellant and appellee Bass, if either rejected his report, the one so rejecting would be compelled to pay the entire amount of his fee, $750. He knew that, if he placed said valuation too high, appellant would be compelled to either pay said excessive valuation or be penalized by having to pay the entire amount of his charges, $750. He knew, if he placed said valuation too low, appellee Bass would be compelled to either accept said undervaluation or submit to being penalized by paying the entire amount of his charge. The position he occupied was not exactly that of an arbitrator, for no controversy had arisen between the parties to be submitted to arbitration. The parties had agreed upon all the terms of the purchase by appellant and sale by appellee Bass of the Clifton electric light plant, except the price at which it was to be sold and purchased. Appellant was willing to pay, and appellee, we presume, was willing to accept what said plant was actually worth, so both parties jointly employed appellee engineering company and agreed to pay said company well to furnish them a detailed statement of the actual value of said plant. Appellee engineering company, to the other contracting parties, occupied the position of an appraiser (Guild v. A., T. & S. F. Ry. Co., 57 Kan. 70, 45 P. 82, 33 L. R. A. 77, 57 Am. St. Rep. 312; Omaha v. Omaha Water Works, 218 U. S. 180, 30 S. Ct. 615, 54 L. Ed. 991, 48 L. R. A. [N. S.] 1084; 4 C. J. 1408); and said engineering company knew appellant and appellee Bass were relying upon the skill and the expert knowledge of its representative to furnish them an accurate report of the actual value of said property, and knew, if he failed to do so, said report, instead of being of any value to said parties, would work a hardship on one of the parties, and probably prove to be an actual detriment to the parties, in that it would prevent, as it seems it did, the consummation of any deal between the parties. Under the general principles of law, it was the duty of the engineering company to exercise ordinary care to make a correct report, and to measure up to this standard of ordinary care, under the facts of this case, the highest degree of diligence was required. G. C. & S. F. Ry. Co. v. Smith, 87 Tex. 348, 28 S. W. 520.

[3] On the trial the appellee engineering company admitted an error in its report of $150 in putting the valuation of an adding machine at $150 more than it should have

been. Without going into a detailed discussion of the evidence, it is our opinion that the evidence was sufficient to show by a preponderance thereof that items and different parts of the said electric light plant were overvalued, to the total amount of approximately $3,500, and, by reason of said mistakes and overvaluation, said valuation report was of no value to appellant. However, the contract with the engineering company provides, in effect, for conferences with the engineering company in case either side claims errors have been made, and appellant did not ask for such conference. The case having been tried before the court without a jury, and there being no findings of fact by the trial court, and there being evidence to sustain the judgment of the trial court as to the $750, we are not at liberty to disturb the judgment.

As between appellant and appellees, the Woodlief Engineering Company and R. O. Bass, we affirm the judgment for $750. As between appellant and appellee Bass as to the judgment for $100 attorney's fees, we reverse and render judgment on this branch of the case in favor of appellant; the costs of this appeal to be taxed against appellee R. O. Bass.