McCASKEY REGISTER CO. v. MANN et al.
(No. 6959.)

(Court of Civil Appeals of Texas. Austin. March 10, 1926. Rehearing Denied April 20, 1926.)

1. Evidence ☞397(1).

Generally written contract canot be varied by parol, in absence of fraud, accident, or mistake.

2. Appeal and error ☞569(2)—Purported statement of facts, not bearing signature nor approval of trial judge, cannot be considered on appeal (Rev. St. 1911, arts. 2068–2070).

Purported statement of facts accompanying record on appeal, but not bearing signature nor approval of trial judge, cannot be considered, and findings of fact of trial court will be accepted as final on controverted issues, in view of Rev. St. 1911, arts. 2068–2070.

3. Evidence ☞434(8)—Presumption that oral negotiations are merged in written contract cannot preclude defense of fraud against suit on contract.

Where oral negotiations as to a contract are had, and its terms are subsequently reduced to writing, such negotiations are presumed to be merged in written contract, but such presumption cannot preclude defense of fraud against a suit on the written contract.

4. Evidence ☞434(11)—Oral testimony offered to show fraud in procuration of written contract for purchase of bookkeeping system, held admissible.

Oral testimony, not offered to vary terms of valid written contract for purchase of bookkeeping system, but to show fraud in procuration of such contract, in that seller's agent fraudulently represented that under terms of contract buyer might give system a trial without incurring any liability for purchase price, *held* admissible.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from McCulloch County Court; C. L. Gault, Judge.

Action by the McCaskey Register Company against Jas. T. Mann and others. Judgment for defendants, and plaintiff appeals. Affirmed.

See, also, 273 S. W. 1113.

J. E. Shropshire, of Brady, for appellant. Newman & McCollum, of Brady, for appellees.

BAUGH, J. Appellant sued appellees for a balance of $494 and interest and attorney's fees claimed to be due it under two written contracts, dated September 10, 1919, and October 25, 1919, alleged to have been made by appellees with appellant. Appellant alleged that appellees purchased from it, as provided in said contracts, the supplies, materials, and equipment, etc., known as the "McCaskey System," used in keeping and in rendering accounts for merchants. Such system appears to have been designed and intended to render unnecessary the keeping of a set of books.

The appellees in their answer alleged, amongst other things, that they made no such contracts as those sued upon, and that their signatures to such contracts were procured through the misrepresentations and fraud of appellant's agent. They alleged that prior to signing said contracts they did make and enter into oral agreements with appellant's agent at Brady, Tex., to purchase said "McCaskey System" on substantially the following terms and conditions: That appellant would ship the materials and equipment for such accounting system to appellees at Brady, Tex., would install same in their business there, and transfer all their accounts from their books to such system; that appellees could give same a fair and thorough trial before acceptance, and that, if same was not satisfactory and did not do away with the necessity for a bookkeeper, appellant would remove same from their offices, no charge would be made, and the cash payment made thereon would be returned to appellees; that, in the event same was satisfactory, appellees would execute a note in payment therefor, due in monthly installments. Appellees further alleged that, when appellant's agent presented to them the contracts sued upon, he represented to them that said contracts embodied the terms of their oral agreements, and through such fraudulent misrepresentations induced appellees to sign said contracts without reading them.

The written contracts or orders sued upon provided, amongst numerous other things, that there should be "no goods sold on trial"; that "delivery of goods specified herein f. o. b. Alliance, Ohio, * * * to any common carrier shall constitute delivery to purchaser"; and bound the purchaser without con-

283 S.W.—35

dition to pay for same in monthly installments. It made no provision for trial by appellees, for transfer of accounts from appellees' books, for supplanting or replacing their bookkeeper, nor for installation of said system by appellant.

The trial was to the court without a jury. The court found that the only contracts ever made by appellees with appellant were the oral contracts pleaded by them; that they were induced to execute the written contracts sued upon (the second of said contracts was merely supplemental to the first, in the same language, and provided for shipment of additional materials claimed by appellant's agent to be necessary to properly install said system) through the misrepresentation and fraud of said agent; that appellant had not carried out said original contracts as made; that said system was never fully installed in appellees' business nor accepted by them; and that it was wholly worthless. The court thereupon rendered judgment that appellant take nothing, and that the appellees recover from the appellant the amount paid by them.

Appellant presents only two questions on this appeal. The first is whether appellees' pleadings and evidence sought to vary the terms of the written contracts by parol. Appellant excepted to the appellees' answer on that ground, and objected to the evidence offered for the same reason.

[1] The general rule that a written contract cannot be varied by parol is too well settled to require citation of authorities. Equally as well settled are the exceptions to it. In fact, the rule is seldom stated without adding the qualifications "in the absence of fraud, accident, or mistake." Bruner v. Strong, 61 Tex. 557; Beckham v. Collins, 117 S. W. 431, 54 Tex. Civ. App. 241. In the instant case the appellees expressly pleaded fraud in the procurement of the written contracts. The trial court, in his findings of fact thereon, found as follows:

"The written instrument, dated September 10, 1919, was not read by Jas. T. Mann, and was signed by him without being read, and the said Jas. T. Mann wholly relied upon the statements of said J. H. Semmes as to what the writing contained. The written instrument signed by Jas. T. Mann embodied an entirely different agreement to the oral agreement made and entered into on the same day between the parties, and the representations made by the said J. H. Semmes to the said Jas. T. Mann as to what the written instrument contained were not true, and that the said Jas. T. Mann would not have executed the written instrument had he known it was different from the oral agreement and had he known it contained what it did contain, and the said Jas. T. Mann was misled by the misrepresentations of the said J. H. Semmes."

J. H. Semmes was the agent of the appellant. The trial court made a similar finding as to the written contract dated October 25,

1919. The trial court further found as follows:

"The written instruments, declared upon and set out in plaintiff's petition, are not the contracts entered into between the plaintiff and defendants; the only contracts being the oral agreements between the parties as set out above."

[2] A purported statement of facts accompanies the record, but it nowhere bears the signature nor approval of the trial judge. That being true, it cannot be considered, and the findings of fact of the trial court will be accepted as final on said issues. Articles 2068–2070, R. S. 1911; Texas Portland Cement Co. v. Lumparoff (Tex. Civ. App.) 204 S. W. 366; Tex. Electric Ry. Co. v. Gonzales (Tex. Civ. App.) 211 S. W. 347; Love v. Spencer (Tex. Civ. App.) 273 S. W. 883; Samuel v. Branche (Tex. Civ. App.) 211 S. W. 841.

[3, 4] Nor was there any error in admitting the testimony of appellees as to the terms of the oral agreement. It is true that, where oral negotiations as to a contract are had and its terms are subsequently reduced to writing, such negotiations are presumed to be merged into the written contract, but this presumption cannot preclude a defense of fraud against a suit on the written contract. The oral testimony in the instant case was not offered to vary the terms of a valid written contract, but, as shown by the trial court's qualification on appellant's bill of exception, was offered to show fraud in the procurement of said purported written contracts, and to show that no such contracts were in fact ever made. It was offered to disprove the legal existence of the alleged contracts. Such testimony was clearly admissible on the defenses alleged. 22 C. J. 1213, and authorities cited in note thereunder; 10 R. C. L. 1058, § 252; American Copying Co. v. Thompson (Tex. Civ. App.) 110 S. W. 777; U. S. Gypsum Co. v. Shields (Tex. Civ. App.) 106 S. W. 725; Buchanan v. Burnett, 119 S. W. 1141, 102 Tex. 495, 132 Am. St. Rep. 900; Hammel v. Benton (Tex. Civ. App.) 162 S. W. 35; Bell v. Mulkey (Tex. Civ. App.) 248 S. W. 785.

Nor do we sustain appellant's contention on the issue of estoppel. Its contention on this issue is based, first, upon the express terms of the purported written contracts sued upon; and, second, upon certain evidence referred to as set out in the statement of facts. The purported contracts were, however, vitiated by the trial court on the ground of fraud; and the purported statement of facts cannot be considered. Nor did the trial court in his findings find any facts constituting an estoppel. There is therefore nothing before us in the record sufficiently raising this issue.

What we have said makes it unnecessary to pass upon appellees' cross-assignment of error.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.