## DICKEY'S ESTATE et al. v. HOUSTON INDEPENDENT SCHOOL·DIST.
### (No. 3451.)

Court of Civil Appeals of Texas. Texarkana.
Nov. 22, 1927.

Rehearing Denied Dec. 15, 1927.

1. **Eminent domain** ⬅️222(4)—**Instruction not to consider speculative values in determining market value given after instruction properly defining "market value" held misleading (Rev. St. 1925, art. 2189).**

Under Rev. St. 1925, art. 2189, requiring court to submit such definitions of legal terms as shall be necessary, instruction in condemnation proceedings defining "market value" as including all uses for which land was adopted, was sufficient compliance with statute, and further instruction not to consider evidence as to speculative values in determining market value was misleading, since court should not have admitted evidence which could not be considered, and, if desiring to correct error, should have specifically pointed out objectionable evidence.

2. **Eminent domain** ⬅️317(2)—**Judgment undertaking to pass fee-simple title to land sought to be condemned by school district held erroneous (Sp. Acts 38th Leg. [1923] c. 91, § 15; Rev. St. 1925, art. 3270).**

In proceedings by school district to condemn land for construction of school buildings, judgment undertaking to pass fee-simple title to land to district was erroneous under Sp. Acts 38th Leg. (1923) c. 91, § 15, making right of eminent domain subject to Rev. St. 1925, art. 3270, providing that right of eminent domain shall not include conveyance of fee-simple estate, Rev. St. 1925, arts. 1109b, 1175, 2722, 1165, et seq., not being applicable.

3. **Evidence** ⬅️113(5)—**Witness' testimony that his corporation offered to sell land near land sought to be condemned for certain price held erroneously admitted.**

In proceedings by school district to condemn land for erection of school buildings, admission of testimony by witness that corporation he represented offered to sell land to school district near land in controversy for certain amount, which was less than value of defendant's land found by jury, was error.

4. **Witnesses** ⬅️331½—**Testimony of offer to sell land near land sought to be condemned, erroneously admitted, was not rendered admissible in rebuttal of testimony discrediting witness.**

In proceeding by school district to condemn land for construction of school building, testimony by witness that his corporation offered to sell district land near land in controversy for certain price, erroneously admitted, was not rendered admissible in rebuttal of testimony by defendant tending to discredit witness.

5. **Evidence** ⬅️142(3)—**Testimony of price paid for land two years before condemnation proceedings of land in same neighborhood held erroneously admitted as remote.**

In proceedings by school district to condemn land for construction of school building, testimony by witness as to what his company paid for land in neighborhood of land in controversy two years or more before time of trial was erroneously admitted as being too remote in time to have probative value.

6. **Eminent domain** ⬅️202(1)—**Evidence** ⬅️142(1)—**Testimony as to cost of subdividing land, sought to be condemned, and sale price of lots in nearby subdivision, held properly excluded.**

In proceedings by school district to condemn land for construction of school buildings, testimony by defendants to show cost of subdividing land in controversy into lots and what lots in subdivision near land sold for *held* properly excluded.

7. **Appeal and error** ⬅️569(2)—**Purported statement of facts, agreed to by counsel but not appearing to have been approved by trial court, cannot be considered on appeal.**

Where purported statement of facts sent to Court of Civil Appeals, though agreed to by counsel for parties, did not appear to have been approved by trial court, it cannot be considered on appeal.

### On Motion for Rehearing.

8. **Appeal and error** ⬅️553(1)—**Court of Civil Appeals may rule on exceptions, where enough appears in bills of exceptions to justify consideration, though no proper statements of facts is brought up.**

Court of Civil Appeals is under duty to look to bills of exception in record and is justified in ruling on exceptions, where enough appears in bills to consider contentions stated,

---

⬅️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

though no proper statement of facts is brought to Court of Civil Appeals.

Appeal from Harris County Court; Ben F. Wilson, Judge.

Condemnation proceedings by the Houston Independent School District against the estate of W. T. Dickey, deceased, and others. From a judgment awarding damages to defendants and land to plaintiff, defendants appeal. Reversed and remanded for new trial.

This was a proceeding by the Houston independent school district, appellee here, to condemn 14½ acres of land in Harris county as grounds for public school buildings to be erected in said school district, it was alleged. It was alleged further that the land belonged to the estate of W. T. Dickey, deceased, and appellants W. S. Dickey, a minor, and Mrs. Gertrude S. Dickey, individually and as administratrix of said estate, and that appellee and said owners had "not been able to agree upon the price that should be paid for said lands." The River Oaks Corporation was made a party to the proceedings, on allegations by appellee that Mrs. Dickey, acting for herself, and purporting to act for the minor as guardian of his estate, leased the land to it for a period of five years and three months, ending September 30, 1930. Commissioners, having been appointed as prayed for, assessed the "damages and purchase price of the property" at $36,250, "to be apportioned (the River Oaks Corporation having disclaimed any interest in the award) between the defendants, the estate of D. T. Dickey, deceased, Mrs. Gertrude S. Dickey, and Wm. S. Dickey, as their interest may appear." Appellants were not satisfied with the decision of the commissioners, and filed objections thereto. At the trial afterwards had in the county court at law the court submitted to the jury an issue as follows: "What was the reasonable cash market value per acre, on or about July 13, 1926, of the 14½ acres of land described in the plaintiff's petition?" The jury having answered, "$2,500 per acre," judgment was rendered in appellant's favor "jointly as their interests may appear" for $35,250, "in full compensation for all of the right, title, and interest so owned by defendants, including the fee-simple title in and to the property described in petitioner's petition filed herein," and in appellee's favor for the land. The appeal is from that judgment.

Fouts, Amerman, Patterson & Moore, of Houston, for appellants.

Andrews, Streetman, Logue & Mobley, of Houston, for appellee.

WILLSON, C. J. (after stating the facts as above). In submitting the special issue as to the market value of the land the trial court, after defining the term "market value," instructed the jury as follows:

"In determining the value of the property in question all of the uses to which it may be applied and for which it was adapted on or about July 13, 1926, are to be considered, and not merely the condition that it was in at that time and the use to which it was then applied by the owner.

"You are further instructed that in determining the market value of said property on or about the 13th day of July, 1926, you should consider the condition of the property at that time, its locality with respect to its use for any purpose to which it might be applied at that time, and any increase or development thereof that might have been reasonably expected in the immediate future at that time affecting the market value of this property. In ascertaining what the market value involved in this controversy was on or about the 13th day of July, 1926, you should consider the conditions then existing, but you would not be authorized to consider speculative or merely possible contingencies, and you would not be authorized to consider evidence as to speculative values."

[1] Appellants objected to the second one of the two paragraphs of the court's charge set out above, on the ground that it (1) was an unnecessary repetition of instructions in the other one of the two paragraphs, (2) was in nature of a general charge, and (3) was on weight of the evidence, and complain here because the court overruled their objection. In so ruling we think the trial court erred, and that the error requires a reversal of the judgment. By the terms of the statute (article 2189, R. S. 1925), the court was required to "submit such explanations and definitions of legal terms [quoting] as shall be necessary to enable the jury to properly pass upon and render a verdict" on special issues submitted to them, but, said the Commission of Appeals, answering a certified question in Owens v. Navarro County Levee Improvement District, 115 Tex. 263, 280 S. W. 532, "if the issues submitted are such that explanations are not necessary, none should be given." It seems to us that when the court defined the term "market value" and instructed the jury as set out in the first one of the two paragraphs, he sufficiently complied with the requirement of the statute, and that the instruction complained of was not only unnecessary, but was confusing and calculated to mislead the jury so far as it told them not to consider "evidence as to speculative values." The court should not have permitted the parties to adduce evidence which he thought the jury was not entitled to consider; but if, having erroneously done so, as he later concluded, he wished to correct the error, he should have specifically pointed out such evidence and directed the jury not to consider it. On the record before us we think leaving the jury to determine what testimony before them was as to "speculative values" may

easily have resulted in their failure to consider evidence before them not of that character and which appellants had a right to have them consider.

[2] Appellants insist that the judgment is erroneous so far as it undertakes to pass the fee-simple title to the land to appellee, and we agree it is. The special law creating appellee (Sp. Acts 38th Leg. p. 323) conferred on it "power to exercise the right of eminent domain and to appropriate property for the purpose of securing grounds for public school buildings and appurtenances * * * through the same proceedings and under the same rules set forth, as far as applicable, as are now or may hereafter be provided by the general laws of the state of Texas, for the condemnation of private property for the use of railroad corporations, or in any other manner, or by any other proceedings authorized by the general laws of this state for the condemnation of private property for public use, and to provide for payment therefor."

Article 3270, R. S. 1925, is as follows:

"Except where otherwise expressly provided by law, the right secured or to be secured to any corporation or other plaintiff in this state, in the manner provided by this law [of eminent domain] shall not be so construed as to include the fee-simple estate in lands, either public or private, nor shall the same be lost by the forfeiture or expiration of the charter, but shall remain subject to an extension of the charter or the grant of a new charter without a new condemnation."

Appellee does not contend that the statute just set out authorized the judgment, but argues it was authorized by either article 1109b, article 1175, or article 2722, of the statute. Article 1109b is confined in its operation to cities and towns of less than 5,000 inhabitants, and the power conferred by article 1175 was on cities and towns adopting the "Home Rule" statute (articles 1165 et seq., R. S. 1925). The power conferred by article 2722 is on county boards of education. Even if the statutes specified, because "general laws" should be held to be such as were contemplated in the excerpt set out above from the special law cited, we think appellee's contention should not be sustained, for by the terms of said special law said statutes could be appealed to only to justify the "manner" or "proceeding" resorted to in condemning property.

[3-6] It was error, we think, to permit the witness Potter to testify, over appellants' objection, that a corporation he represented offered to sell appellee land near that in controversy at $1,750 per acre. It is held that testimony of that kind is not admissible to show market value. Sullivan v. Railway Co., 29 Tex. Civ. App. 429, 68 S. W. 745; Stanley v. Sumrell (Tex. Civ. App.) 163 S. W. 697. We think the contention that the testimony was admissible in rebuttal of testimony offered by appellants tending (it is charged) to discredit the witness is not tenable. It was also error, we think, to permit the witness Potter to testify as to what his company paid for land in the neighborhood of that in controversy two years or longer before the time of the trial. Under the circumstances of the case as we view it, those transactions were too remote in time to have probative value. We do not think the court erred when he excluded testimony offered by appellants to show the cost of subdividing the land in controversy into lots, and what lots in a subdivision near the land sold for. Such testimony was held to be inadmissible in Denison & P. S. Ry. Co. v. Scholz (Tex. Civ. App.) 44 S. W. 560.

[7] The determination of other contentions in appellants' brief depends upon the evidence heard at the trial which is not before us. What purports to be a statement of facts, sent to this court, while agreed to by counsel for the respective parties, does not appear to have been approved by the trial court, and for that reason cannot be considered here. Love v. Spencer (Tex. Civ. App.) 273 S. W. 883; McCaskey Register Co. v. Mann. (Tex. Civ. App.) 283 S. W. 544.

The judgment is reversed and the cause is remanded for a new trial.

### On Appellee's Motion for Rehearing.

[8] It is insisted in the motion that in the absence of a statement of facts this court should not have undertaken to determine as it did that specified rulings of the trial court were erroneous, nor, if erroneous, that the errors operated to prejudice rights of appellant. Our conclusion to the contrary was on the theory that it was our duty to look to bills of exceptions in the record, and that, looking to same, enough appeared to require a consideration of the contentions stated and to justify the rulings made.

The motion is overruled.