**BROWNING'S UNKNOWN HEIRS et al. v. BUTTRAM et al. (No. 3802.)**

Court of Civil Appeals of Texas. Texarkana. Jan. 23, 1930.

472

Keeney & Dalby, of Texarkana, for appellant.

Pirkey & Atchley, of New Boston, for appellees.

WILLSON, C. J. (after stating the case as above). No objection was made in the court below to the action of that court in submitting to the jury the special issue numbered 1 and the instructions accompanying same, set out in the statement above, and no complaint predicated on that issue and those instructions is made here. A reversal of the judgment appealed from is urged mainly on the

ground that the trial court committed error prejudicial to rights of appellant when at appellees' request he submitted to the jury the special issues numbered 7, 9, and 10, and instructions with reference thereto, set out in said statement. In the court below, appellant objected to the submission of those issues and instructions to the jury on the ground that they were in effect general charges, contained incorrect statements of the law applicable to the case, were on the weight of the evidence, and were in conflict with instructions accompanying said issue numbered 1.

■ We think appellant's contention that the action of the court, in overruling his objections to the issues and instructions, and submitting same to the jury, was error entitling him to a reversal of the judgment, must be sustained. We are inclined to think said issues and instructions were objectionable on all the grounds urged to them as stated; but certainly, if they were repetitions of the issue numbered 1 and instructions accompanying it, they were within the rule denouncing as erroneous the action of a court in repeating instructions he gives a jury (Owens v. Imp. Dist., 115 Tex. 263, 280 S. W. 532; Ry. Co. v. Andrews [Tex. Civ. App.] 291 S. W. 590), and, if they were not repetitions, they must have been confusing to the jury, and therefore calculated to prejudice rights of appellant. If the instruction accompanying the issue numbered 10, that it must appear to the jury from the evidence "to be undeniably clear and beyond all reasonable ground of dispute" that the homestead had been abandoned before they would be authorized to answer said issue numbered 10 in the affirmative, was a correct statement of the law, we think it was error, nevertheless, to give it, because, if for no other reason, it was contradictory of the instruction accompanying said issue numbered 1, which authorized the jury to find the homestead had been abandoned, if the fact had been established by a preponderance of the evidence.

It conclusively appeared from the evidence before the court that the lots constituted the homestead of W. D. Sanders and his wife at the time the family residence thereon was destroyed by fire, and further conclusively appeared that said Sanders and his wife left the lots when the fire occurred, and never thereafter returned to and used same as a homestead. The controverted question, and only one, in the case was as to whether Sanders, after the fire, and before he and his wife conveyed the lots to appellees, formed an intent to permanently abandon use of the property as a homestead. On another trial of the case, if the evidence is the same, we suggest that such an issue and no other be submitted to the jury.

We think the trial court erred when he overruled appellant's objection to specified testimony of the witnesses Wyback, Johnson, Sellers, and Mitchell, and admitted same as evidence; but we do not think he erred when he overruled the objection made to specified testimony of Mrs. Leslye Lewis Sanders and admitted same as evidence.

The judgment will be reversed, and the cause will be remanded to the court below for a new trial.