## NAVARRO COUNTY LEVEE IMPROVEMENT DIST. NO. 8 v. OWENS.

### No. 957.

Court of Civil Appeals of Texas. Waco. Oct. 30, 1930.

Appellant's Motion for Rehearing Denied Jan. 29, 1931. Appellee's Motion Granted in Part.

Callicutt & Upchurch and Davis, Jester & George, all of Corsicana, for appellant.

J. C. Smith, of Fort Worth, and Richard & A. P. Mays, of Corsicana, for appellee.

BARCUS, J.

This is the second appeal in this case. For former opinions see 115 Tex. 263, 280 S. W. 532, and 281 S. W. 577 (Civ. App.). The facts are very similar to those presented on the first appeal. In 1920, appellant, under the provisions of the statutes, began the construction of a levee, which was completed in 1922. Appellee owned 1,100 acres of land, none of which was embraced in the levee district. Several hundred acres of appellee's land was known as bottom land close by the levee district. While the levee was being constructed, appellee instituted this suit to recover permanent damages to his land occasioned by the construction of said levee, and for the loss of crops on certain portions of his land for the years 1921 and 1922. Appellant answered by a number of special exceptions, and specially alleged that the construction of the levee and digging of ditches in connection therewith had helped to drain appellee's land, and further that, if appellee's land was damaged, it was by other means and agencies than that occasioned by the building of the levee, to wit: "The oil fields of Powell, Richland and Currie and the flood waters from said two creeks, and that this defendant should not be held liable or responsible for

the acts of others." The cause was tried to a jury, submitted on special issues, and resulted in judgment being entered for appellee.

By its first four propositions, appellant complains at the action of the trial court in overruling certain special exceptions which it directed to appellee's petition. There are no assignments of error in appellant's brief complaining of the action of the trial court with reference thereto, and, in the absence thereof, this court is not authorized to review the action of the trial court thereon. Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844.

Appellant's propositions 5, 6, 7, 8, 9, and 10 relate to the submission by the court of issues 3, 4, 5, 6, 7, and 8, and are all briefed together. In response to said issues, the jury found that 77 acres of appellee's land were damaged by the levee improvement district, and that said land before the levee improvement was worth $100 an acre, and immediately thereafter was worth $5 an acre, and that 250 acres of the uncultivated land of appellee were damaged, and that same was, before the levee improvement, worth $25 per acre, and immediately thereafter was worth $15 an acre. Appellant by said propositions contends that none of said issues should have been submitted to the jury, because there was no evidence which tended to show that any of appellee's land had been permanently damaged by the construction of the levee district. We have carefully read the statement of facts, and think the evidence abundantly raises the issue of permanent damage. Said propositions are therefore overruled.

Under propositions 15 and 22, appellant complains at the action of the court in refusing to instruct the jury at its request that, if the jury found appellee's land had not been damaged more than $4,500, they would answer all of the issues relative to permanent damage "no"; its theory being that the record shows that appellee had been paid said sum by the oil companies, and that it would be entitled to credit for all money paid by the oil companies to appellee by way of damages. We overrule these propositions. The record shows that the levee district was completed in the fall of 1922. Whatever permanent damages appellee suffered matured at said time. The record shows that there had not been at that time any oil development in that section of the country. In 1923, oil was discovered in the Powell and Currie fields, and the waste oil and salt water from said oil fields drained into Richland and Chambers creeks. In 1927 the oil companies paid appellee $4,500 for an easement over his land for waste oil and salt waters that might flow from, or be occasioned by, the drilling of the numerous wells in said territory. Regardless of whether the oil companies paid too much or too little for said easement was of no concern, under the pleadings and evidence, to appellant.

Under propositions 18 and 19, which are briefed together, appellant complains of the refusal of the trial court to submit special requested charges Nos. 2 and 3. Special charge No. 2, in effect, requested the court to instruct the jury that, if it believed some of the damages to appellee's land was caused by other and independent causes than that occasioned by the building of the levee, and if the jury could not distinguish between the damage caused by the construction of the levee and damage caused from other causes, it should answer all of the issues relating to permanent damages "no." And special charge No. 3, in effect, requested the court to instruct the jury that, if it believed that some of the damages to appellee's land was caused by flood waters independent of the levee construction, it could not find any damages to plaintiff's land other than those that were independently caused by the levee improvements which would not have resulted but for said levee improvements. These charges present entirely different questions, and it was not proper for them to be briefed together. We have, however, carefully examined and considered same. Special charge No. 2 was specifically held to be erroneous on the former appeal.

Instead of giving special requested issue No. 3, the trial court in its main charge instructed the jury:

"That, in the event you (jury) find that plaintiff, B. W. Owens, has suffered damage by reason of the construction of the levee improvements in determining the amount thereof you will take into consideration such damage only, if any, as plaintiff is shown by the evidence to have suffered by reason of such construction as distinguished from the damage, if any, that he would have suffered as a result of the overflow, if any, regardless of and independent of the construction of said levee improvements."

No objection was made by either of the parties to said special instructions. We think said instructions contained the essential elements of the requested charge asked by appellant, and, in the absence of any special exception thereto, was sufficient. Said propositions are overruled.

Under propositions 21, 23, 24, 25, and 27, which are briefed together, appellant complains of the refusal of the trial court to give its special requested charges 7, 9, 10, 11, and 12. Special requested charge No. 7, in effect, asked the court to instruct the jury that, if they believed appellee's land would have been overflowed and damaged by waters from Richland creek and through its slough and from the hills and from back water independent of the damage that may have been

occasioned by the construction of the levee, they would answer all of the issues relating to permanent damage "No."

By special requested charge No. 9, it requested the court to instruct the jury, in effect, that, if it believed more water came from Richland creek, through what is known as Blackmon's slough, or from McCann Lake, or other channels from Richland creek, than formerly did, and said water injured appellee's land, appellant would not be liable therefor, unless the jury believed that the construction of the levee was the cause thereof.

By special requested charge No. 10, appellant asked the court, in effect, to instruct the jury that, if they believed appellee's land would have been damaged independently of any effect of the construction of the levee, and they could not distinguish between the damage caused by the construction of the levee and other damage, they would answer all of the issues relating to permanent damages "No."

By special requested charge No. 11, appellant, in effect, asked the court to instruct the jury that, if they believed the construction of the levee caused appellee damage, but it also believed that appellee's land would have been damaged independently thereof, and if they could not distinguish between the damage caused by the levee and that which was caused from other causes, they would answer all of the issues relating to permanent damages "No."

By special requested charge No. 12, appellant asked the court to instruct the jury that appellee was not entitled to recover any damage to his land or crops, except a small strip which it had taken for the purpose of cutting the relief channel to said levee.

It is apparent from the above that said charges present several different matters, and same cannot properly be briefed under one general proposition. We have, however, examined each of said charges, and do not think there is any error shown to the action of the trial court in refusing same, and said propositions are overruled.

■■ In response to special issues, the jury found that 4 acres of appellee's land in 1921 and 73 acres in 1922 failed to produce a crop as a result of the construction of the levee district, and that the reasonable rental value thereof for each year was $7.50 per acre. The only evidence offered as to the rental value of said land for said years was given by the witness J. C. Hagler and appellee. They each testified, in effect, that they were acquainted with the bottom land of appellee, and that from their knowledge of said land, based on one-third of the grain and one-fourth of the cotton crops that had been produced on said land during former years, the rental value thereof for the years 1921 and 1922 would be from $7.50 to $15 per acre. Appellee further testified that he had, during former years, received an average of from $12.50 to $15 per acre rental on the third and fourth basis. Appellant objected to all of the above testimony on the ground that same was not the correct measure of damages, and that the rental that had been received on the farm during former years was not the standard by which to measure or determine the amount of rental that said land would have produced for the years 1921 or 1922. Under several assignments and propositions, appellant complains at the action of the trial court in overruling its objection to said testimony and in permitting said witnesses to testify to said facts. We sustain these propositions. Appellee testified that he was unable to state how much corn or cotton was made on his bottom land in 1921 or 1922. Appellee made no effort to show whether 1921 and 1922 were normal crop years; neither did he attempt to show what crops he would have made on the land in controversy but for the overflow caused by the levee district. No attempt was made to show how much of said land was planted in grain or how much in cotton for either of said years. Neither was there any attempt to show the amount produced by any other crops in that vicinity for either of said years. Clearly, appellee would not be entitled to recover the amount of rent said land had produced on the third and fourth basis during former years. His recovery, if any, should have been limited to his portion of the amount said land would have produced for said years under conditions which would have existed, climatic and otherwise, if said levee improvements had not been constructed. In order for a jury to determine said fact, it was necessary for appellee to show the number of acres planted in cotton and grain and what same would have produced for each of said years but for said levee improvement.

The judgment of the trial court is reversed, and the cause remanded.

### On Motion for Rehearing.

Appellee in his motion for rehearing asks that, in event we do not grant said motion, he be allowed to file a remittitur of $462, being the amount of rent recovered by him in the trial court, and that the judgment of the trial court except as to said rents be in all things affirmed. We find from the record that appellee recovered $577.50 as rents, and that he remitted in the trial court $115 thereof, leaving $462 rents embraced in said judgment. Since we overruled all of appellant's assignments of error in the original opinion except those relating to the recovery by appellee of said rents and since we still adhere to our original opinion, appellee's motion for a rehearing is overruled, except that portion

thereof in which he requests he be permitted to, and has offered to, file a remittitur of $462, which is hereby granted. Our judgment heretofore entered reversing the judgment of the trial court is set aside. The judgment of the trial court in so far as it allowed a recovery for the rents is reversed, and, appellee having filed a remittitur of said rents, to wit, $462, the judgment of the trial court is reformed by eliminating said amount therefrom, and judgment is here rendered that appellee recover of and from appellant the sum of $9,840, with interest from December 12, 1929, at 6 per cent. per annum, the date of said judgment in the trial court, and all costs of the trial court; appellee to pay costs of appellate court. In all other respects, the judgment of the trial court is affirmed.