## CITY OF DUBLIN v. PRIM et ux.
### No. 892.

Court of Civil Appeals of Texas. Eastland.

Oct. 9, 1931.

Rehearing Denied Nov. 20, 1931.

Hiner & Pannill, of Fort Worth, for appellant.

J. A. Johnson, of Stephenville, for appellees.

LESLIE, J.

The plaintiff, Julian C. Feild, filed this suit against S. H. Prim and wife to recover the amount of the principal and interest evidenced by two paving certificates secured by a lien on two lots owned by the defendants in the city of Dublin, Tex., and to foreclose the lien. The certificates showed that all proceedings with reference to the making of such improvements had been regularly had in compliance with the law and in compliance with the terms of the contract between Feild and the city, whereby the former undertook to and did pave the streets abutting defendants' property.

The defendants Prim and wife answered by general denial and by cross-action sought to bring in the city of Dublin and recover of it for damages alleged to have resulted to them in that the city, together with the contractor, Feild, changed the grade of the street passing by the defendants' property and elevated the same to such an extent that the grading and paving diverted the natural course of the water in that vicinity in such a way as to impound it on the defendants' property, and thereby permanently injure the same in the amount of the damages sued for.

The city of Dublin answered by a plea in abatement, alleging misjoinder of parties and causes of action, and subject thereto urged general demurrer, denial, etc. The issues were presented in due order, the plea in abatement was overruled, and the trial resulted in an instructed verdict in favor of the plaintiff Feild against the Prims, granting a recovery as prayed for.

318

The issues between Prim and wife (plaintiffs in cross-action) and the city of Dublin were submitted to the jury on special issues, and in response thereto the jury found that the city of Dublin raised the grade of the street so as to impound the surface water on the lands of the Prims, thereby working a permanent injury to the same, and that the damages accruing amounted to $450. Upon the foregoing rulings and verdicts judgment was entered accordingly, and the city of Dublin alone appeals.

The appellant, city of Dublin, presents its first and second propositions together, and by them contends that the court erred in over-ruling its plea in abatement raising the question of misjoinder of parties and causes.

We do not think that the record before us requires that we pass upon these propositions, nor do we think that, for reasons hereafter assigned, these propositions should be made determinative of this appeal.

It will be observed that the plaintiff Feild did not raise any question of misjoinder of parties or causes of action. The judgment granted him all the relief sought, and to that phase of the judgment no one complains. Therefore, it is not believed that that portion of the judgment should be disturbed because of an erroneous ruling, if any, of the court upon the issue of misjoinder of parties or causes of action, and especially in view of the fact that we find it necessary to reverse the judgment of the trial court in favor of the Prims against the city on another ground. That being the case, the ends of justice will apparently be better subserved by a remand in so far as these parties are concerned. The plaintiff necessarily passes out of the suit and a retrial will result merely between the remaining parties.

■The appellant's fourth and fifth propositions present the contention that the defendants' cross-action sought damages for permanent injuries to the land, and that, since the measure of damages was the difference in the value of the property immediately before and immediately after the change in the grade complained of, and since no evidence was introduced by the defendants Prims tending to establish the market value of the land after the paving was done, there was no evidence on which the jury could find the amount of damages and that the trial court therefore erred in refusing to instruct a verdict in favor of the city on the cross-action and in entering a judgment upon a verdict unsupported by testimony. Under the pleadings and the testimony the measure of damages submitted by the trial court and suggested by the propositions appears to be the correct one. Williams v. Henderson County Levee Imp. Dist. (Tex. Com. App.) 36 S.W.(2d) 204, 206; Owens v. Navarro County Levee Imp. Dist., 115 Tex.

263, 280 S. W. 532; Id. (Tex. Civ. App.) 281 S. W. 577.

■ With that rule in mind we have carefully read the entire statement of facts and are of the opinion that there is not to be found in the record any testimony of the market value of Prims' property immediately subsequent to the paving done. Hence there is absent from the record one of the essential elements of proof, in that there is nothing in the record which authorized the jury to find what was the difference in the market value of Prims' property immediately before the paving and immediately thereafter.

■ Some of the witnesses testified that the property was not as valuable thereafter as before the work was done, but this, like other portions of the testimony relating to the value of the property subsequent to the work, was merely suggestive of a possible situation about which the jury could only speculate in its efforts to reach a just determination of the rights as between the litigants. We have been inclined to set out in this opinion the testimony bearing upon this question, but it would unnecessarily lengthen the same, and suffice it to say that the members of this court have carefully considered this important question, which is deemed decisive of the appeal, and have reached the conclusions herein expressed. Propositions 4 and 5 are sustained.

Other questions sought to be presented relate to matters of pleading and procedure which in all probability will not arise upon another trial, and for the reasons hereinbefore stated the judgment of the trial court, in so far as it pertains to the issues between the Prims and the city, will be reversed and remanded, but in so far as the plaintiff Feild is concerned the judgment remains undisturbed.

It is so ordered.

### On Rehearing.

In its motion for rehearing the appellant complains that this court, in its original opinion, failed to pass upon its first and second propositions, complaining of an error of the trial court in overruling its plea in abatement raising the question of misjoinder of parties and causes of action. In response to this motion we have re-examined the record and now conclude that said propositions should be overruled.

■ By an inspection of the transcript we do not find any pleadings evidencing who brought the city of Dublin into the lawsuit. The transcript does not contain any of the plaintiff's pleadings except the "first supplemental petition," and neither does it contain the original answer and cross-action of the Prims. It is true, the plea in abatement states that the city was brought in by the Prims, but that plea was overruled, and on

the showing indicated we do not believe that this court can judicially know from this record how or by whom the appellant was called into the suit.

 Further, we find that the cross-action by the Prims had for one of its objects the cancellation of the paving certificates upon which the plaintiff's cause of action was based. Certainly both the city and the plaintiff were interested in this issue, and we do not believe that the bringing in of the city to try out the same would amount to a misjoinder of parties or causes.

The motion is overruled.