**POWELL SALT WATER CO. v. BIGHAM.**

No. 1448.

Court of Civil Appeals of Texas. Waco.

March 15, 1934.

Vinson, Elkins, Sweeton & Weems and R. E. Seagler, all of Houston, and C. W. Taylor, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

ALEXANDER, Justice.

In 1924, and for several years thereafter, the defendant Powell Salt Water Company was engaged in the business of disposing of the salt water from various wells in the Powell oil field in Navarro county. These wells were on the watershed of Chambers creek. The defendant disposed of said salt water by causing it to flow into Chambers creek and thence down Richland creek. The plaintiff E. V. Bigham owned a farm consisting of 85 acres located in Richland creek bottom. The land did not abut on said creek, but was subject to overflow therefrom. For a valuable consideration, the defendant purchased from all landowners whose land abutted on said creek a right of way privilege authorizing it to flow the salt water down said creek, but did not procure such permit from the plaintiff. In 1928 the plaintiff brought this suit against the defendant to recover for the damages alleged to have resulted to his land as the result of the flowing of said salt water down Richland creek by the defendant. It was alleged that salt was carried to plaintiff's land from said creek both by overflow and by underflow or seepage.

The case was submitted to the jury on fourteen special issues, and the jury in answer thereto found substantially as follows: That as the result of salt water being discharged into said creeks by the defendant (1) a part of plaintiff's land was damaged or destroyed; (3) that 11 acres of plaintiff's cultivated land was totally destroyed for farm purposes; (4) that 24 acres of the cultivated land was damaged or partially destroyed; (5) that none of the timberland was totally destroyed; (6) that 15 acres of the timberland was damaged or partially destroyed; (7) that the cultivated land immediately before it was so destroyed by the defendant was of the reasonable market value of $70 per acre; (8) that immediately after being so destroyed said land had no value; (9) that the cultivated land which was partially destroyed was of the reasonable market value of $70 an acre immediately before it was so damaged; (10) that immediately after being so damaged by the defendant said cultivated land which was partially damaged was of the reasonable value of $52.50 per acre; (13) that the timberland which was damaged or partially destroyed by the defendant was of the reasonable market value of $22.50 per acre immediately before it was so damaged; (14) and that immediately after being so damaged it was of the reasonable market value of $16.-96 per acre. In response to such findings, the trial court entered judgment in favor of the plaintiff for the sum of $1,274.60. The defendant appealed.

◼ There is evidence to the effect that there were approximately 700 wells in the Powell field and 250 wells in the Richland field from which the salt water was discharged into the creek in question. The appellant handled the salt water from approximately 90 per cent. of the wells in the Powell field. Others not parties to this suit handled the salt water from the remaining 10 per cent. of the wells in the Powell field and the 250 wells in the Richland field. These other parties discharged the salt water handled by them into the same creeks. With the record in this condition the appellant requested the court to give its specially requested issues Nos. 1 to 4, inclusive, in which it sought to have the jury find whether or not others than appellant had damaged appellee's land by discharging salt water into said creek, and, if so, what per cent. of such salt water damage was caused by appellant and what per cent. was caused by other tort-feasors. The trial court refused such issues, and the appellant here assigns the ruling of the court as error. In view of the manner in which the case was submitted to the jury, it was not error to refuse to submit the issues in question. Perhaps if the court had undertaken to ascertain what amount the value of plaintiff's farm had been depreciated by all causes, it might have been pertinent to have ascertained what proportion or percentage of this damage had been caused by the defendant; but the court did not submit the case to the jury in this manner. The court submitted to the jury questions as to the amount of damages caused by the defendant alone. The defendant was liable for the full amount of the damages so caused by it, but was not liable for the damages caused by others. Hence it was not necessary to ascertain the amount of damages caused by others nor the percentage relation between the damages caused by the defendant and that caused by others.

◼ The appellant further contends that the evidence was insufficient to support the verdict because such evidence failed to separate the damages caused by the appellant from that caused by other tort-feasors. It is true that the evidence does not establish to a mathematical certainty the exact amount of damages caused by appellant alone, nor does it separate with exact accuracy the damages caused by appellant from that caused by others who discharged salt water into the creek in question; but the law does not require such

exactness. Where the evidence establishes that a plaintiff has suffered substantial damages, he is not to be denied a recovery merely because others than the defendant contributed to bring about his loss and he is unable to show distinctly the amount of damages contributed by each tort-feasor. All that the law requires is that the best evidence of which a case is susceptible be produced, and if from such evidence the amount of damages caused by the defendant can be inferred or estimated by the jury with reasonable certainty, then the amount of such damages is for the jury. 17 C. J. 758, 759.; 13 Tex. Jur. 368; Owens v. Navarro County Imp. Dist. (Com. App.) 115 Tex. 263, 280 S. W. 532, par. 5; Burr's Ferry v. Allen (Tex. Civ. App.) 164 S. W. 878; Fort Worth & D. C. Ry. Co. v. Tomson (Tex. Civ. App.) 250 S. W. 747, par. 5. We think the evidence was sufficient to enable the jury to estimate with reasonable certainty the amount of damages caused by the appellant. We overrule this assignment.

■ At the request of appellee, the court charged the jury as follows:

"You are instructed in connection with questions numbered one to fourteen, inclusive, as follows:

"In considering and determining the damage to the land, if any, you will find (1) the market value of the land before it became damaged, if it was, as a result of salt water being discharged into Chambers and Richland Creeks by the defendant; and (2) you will find the reasonable market value of the land after the damage to said land, if any, was sustained. And in this connection you will take into consideration all evidence and facts relating to the damage to said land, if any, sustained as a result of salt at the time the injury was sustained, if any, since then, and the reasonable and probable damage which it will sustain thereafter, resulting from salt water discharged into Chambers and Richland Creeks by the defendant, if any, upon plaintiff's said land."

Appellant objected to said charge: First, because the same was a general charge given in a case submitted to the jury on special issues and such charge was not necessary for the definition of any legal or technical term used elsewhere in the court's charge; and, second, because said charge authorized the jury to award compensation to the plaintiff for damages done to his land by the discharge of salt water into said creeks by persons and companies other than the defendant.

We are of the opinion that the first objection urged by appellant to the above charge should have been sustained. As before stated, the case was submitted on special issues. The charge complained of does not purport to contain a definition or explanation of any legal or technical term used elsewhere in the charge. It purports to instruct the jury generally as to what evidence should be considered and how it should be applied in answering each of the fourteen issues submitted to the jury. In the case of Humble Oil & Refining Co. v. McLean (Tex. Com. App.) 280 S. W. 557, 559, Judge Harvey said.

"A 'general charge' is an instruction given by the court to the jury as to the law pertaining to the case, or any phase thereof. For a charge to be a general one, it is not necessary that it be one submitting an issue of fact for determination by the jury, with instruction that if they find such facts to exist to find verdict thereon in favor of one of the parties. * * * It is obvious, from a reading of these statutory provisions, that whenever special issues are submitted to the jury, a charge which undertakes to instruct the jury as to the law pertaining to any phase of the case, excepting such explanations and definitions of legal terms as are allowed by the statute, is not permissible.

"Every party litigant has the right to have his case tried in accordance with such statutory provisions. If this right be violated, over his objection, by the submission of instructions not authorized by statute, injury to the objecting party is presumed; and unless it clearly appears that no injury or prejudice results to him, or his cause, he is entitled to a new trial. Railway v. Harrington (Tex. Com. App.) 235 S. W. 188, and authorities there cited."

See also, in this connection, Barnes Bros. v. I. & G. N. R. R. Co. (Tex. Com. App.) 1 S.W. (2d) 273; T. & P. Ry. Co. v. Perkins (Tex. Com. App.) 48 S.W.(2d) 249; Winters Mutual Aid Ass'n v. Reddin (Tex. Com. App.) 49 S. W.(2d) 1096, par. 10; Kemper v. Police Firemen's Ins. Ass'n (Tex. Com. App.) 48 S.W.(2d) 254; Owens v. Navarro County Levee Imp. Dist., 115 Tex. 263, 280 S. W. 532.

When the special charge in question is carefully and critically analyzed, it is probably not subject to the second objection above set out. The charge, however, is confusing and might have led the jury to believe that they were authorized to consider and allow compensation for all depreciation in the market value of the land regardless of the cause thereof.

The appellant complains of other alleged errors in the court's charge. These objectionable features can and doubtless will be avoided on another trial.

On account of the error above pointed out, the judgment of the trial court is reversed, and the cause remanded for a new trial.