### CALHOUN v. BAIZE.

### No. 1974.

Court of Civil Appeals of Texas. Waco.

Feb. 24, 1938.

Rehearing Denied March 24, 1938.

Tom R. Mears, of Gatesville, for plaintiff in error.

Tom L. Robinson, of Gatesville, for defendant in error.

ALEXANDER, Justice.

G. J. Baize brought this suit against R. L. Calhoun and alleged, in substance, that the defendant had unlawfully diverted the flow of surface water so as to cause same to flow across plaintiff's land. He sued for damages to his land and to restrain further interference with the natural flow of such surface water. A verdict on special issues was favorable to plaintiff and judgment was entered accordingly. The defendant sued out this writ of error.

Plaintiff's and defendant's land adjoined. There was a public road on the upper or south side of the two tracts of land. A culvert crossed said road and emptied the water that accumulated on the south side thereof into the bar pit or road ditch on the north side of the road at a point where plaintiff's and defendant's land joined. Defendant filled the bar pit with gravel and thereby caused the water from said ditch to flow across plaintiff's land instead of flowing down the road ditch and across defendant's land.

Special issue No. 2 was as follows: "Do you find from a preponderance of the evidence that the fill placed in said ditch by the defendant caused excess surface waters in the vicinity of the natural water shed adjacent thereto to flow in an unnatural course across the plaintiff's land?" To which the jury answered: "Yes."

It is strenuously insisted that the evidence was insufficient to support the jury's answer to this issue. There was considerable conflict in the evidence. Some of the witnesses testified that when the land was in its natural state, the water from the water shed in question flowed across plaintiff's land, whereas others testified with equal positiveness that it flowed across defendant's land. This raised an issue of fact to be decided by the jury and the jury's answer thereto is binding on this court. We overrule this assignment.

The defendant in his written objection to the court's charge made the following request: "The court in his main charge should tell the jury that if said natural water shed had been diverted by the act or acts of any one other than the defendant to a point where said natural shed would not have flown had it not been diverted that the defendant would have the lawful right to fill up the ditch diverting said water." He here complains of the failure of the trial court to comply with this request. The charge as requested was a general charge, and since the case was submitted to the jury on special issues, it would have been error for the trial court to have given the general charge as requested by the defendant. Powell Salt Water Company v. Bigham, Tex.Civ.App., 69 S.W.2d 788; Id., Tex.Civ. App., 97 S.W.2d 509; Humble Oil & Refining Co. v. McLean, Tex.Com.App., 280 S.W. 557; Owens v. Navarro County Levee Improvement Dist. No. 8, 115 Tex. 263, 280 S. W. 532; Winters Mutual Aid Ass'n v. Reddin, Tex.Com.App., 49 S.W.2d 1095; Texas & P. Ry. Co. v. Perkins, Tex.Com.App., 48 S.W.2d 249. This assignment is overruled.

The jury found that plaintiff's land had been damaged to the extent of $50 by reason of the diversion of the water in question. The evidence as to the difference in the market value of the land before and after its damage by reason of the diversion of the flow of said water was very meager, but we have concluded that it was sufficient to support the verdict.

The judgment of the trial court is affirmed.