## MAGNOLIA PETROLEUM CO. v. CONNELLEE et al. (Motion No. 8331; No. 886—4548.)

Commission of Appeals of Texas, Section B. March 20, 1929.

For original opinion, see 11 S.W.(2d) 158, which reversed judgment of the Court of Civil Appeals in 279 S. W. 597.

W. H. Francis, A. S. Hardwicke, and Walace Hawkins, all of Dallas, and Conner & McRae, of Eastland, for plaintiff in error.

Burkett, Orr & McCarty, of Eastland, for defendants in error.

LEDDY, J. Defendants in error insist it appears from the evidence that plaintiff in error used what is known as the "vacuum process" in producing oil from wells on the leased premises, with the result that there was taken a portion of the one-eighth of the oil due them under the terms of the lease, and that in any event they are entitled to recover the value of the oil thus taken and manufactured into gasoline.

Defendants in error's petition contained no specific allegation as to a loss of a portion of their oil because of the use of the vacuum process. It was alleged in general terms, however, that plaintiff in error had taken the production from wells drilled on the leased premises and manufactured same into gasoline. Assuming that such allegation was sufficient to authorize a recovery for a portion of the one-eight of the oil separated by the vacuum process and manufactured into gasoline, there is no basis for the rendi-

tion of a judgment in favor of defendants in error on this issue, for the reason the record discloses no finding by the jury determining the amount of loss of the one-eighth of the oil occasioned by the use of such process.

Defendants in error were not entitled to recover upon any of the allegations made in their petition, unless it should be the one alleging that production from wells on the leased premises was manufactured into gasoline. If the use of the vacuum process can be made the basis of a cause of action, which is not necessary to be here determined, then it would constitute a complete and independent ground of recovery, and no request having been made for the submission to the jury of the issue thus involved, defendants in error's right to insist upon a recovery based thereon was waived. Ormsby v. Ratcliffe (Tex. Sup.) 1 S.W.(2d) 1084; Kirby Lumber Co. v. Conn, 114 Tex. 104, 263 S. W. 902.

We have carefully considered the elaborate arguments presented in support of the motion challenging the correctness of the propositions decided in the original opinion, but have not been convinced that the questions involved were improperly determined.

We therefore recommend that the motion for rehearing be overruled.