**POWELL SALT WATER CO. v. BIGHAM.**

No. 1751.

Court of Civil Appeals of Texas. Waco.

Sept. 24, 1936.

See, also, 69 S.W.(2d) 788.

R. E. Seagler and Vinson, Elkins, Sweeton & Weems, all of Houston, and C. W. Taylor, of Corsicana, for appellant.

Richard & A. P. Mays, of Corsicana, for appellee.

ALEXANDER, Justice.

After a most careful consideration, we have reached the conclusion that we must grant appellant's motion for rehearing. The jury, in answer to a special issue, found that a particular 15-acre tract of timber land belonging to appellant was damaged by the flowing of salt water into said creeks by appellant. For the purpose of ascertaining the extent of the damage to this particular tract of land, the court submitted to the jury the following issues:

"Question No. 11: From a preponderance of the evidence in this case, what do you find was the reasonable market value of plaintiff's said 15 acre tract of timber land which has been damaged, if you have found same has been damaged, immediately before such damage, if any, commenced?" Answer: "$15.00 per acre."

"Question No. 12: From a preponderance of the evidence in this case, what do you find is the reasonable market value of plaintiff's said 15 acre tract of timber land which has been damaged, as a result of the acts of defendant if you have found said tract of timber land has been damaged, immediately after said damage, if any, occurred?" Answer: "$11.25 per acre."

Substantially the same language was used in submitting to the jury the issues as to the extent of the damages to the remainder of appellee's land. In this connection it should be noted that during the period of time in question, concerns other than appellant flowed salt water down said creeks, and there is nothing to show the extent of the damage caused by the respective tort-feasors. The jury, by answering the foregoing issues, merely found the difference between the market value of the land before and after the injury and thus ascertained the amount of damage and depreciation brought about by all those who had flowed salt water down said creeks, but it did not find the amount of damage caused by appellant alone. The court rendered judgment against appellant for the total depreciation in the value of the land. Such judgment is not supported by the verdict and cannot be allowed to stand. Magnolia Petroleum Co. v. Connellee (Tex.Com.App.) 14 S.W.(2d) 1020; International G. N. R. Co. v. Casey (Tex.Com.App.) 46 S.W.(2d) 669; Tips v. Barneburg (Tex.Civ.App.) 276 S.W. 932. In the introductory part of the charge the court undertook to limit the verdict of the jury to the damages caused by appellant alone and for this purpose gave instruction B, which was as follows: "In the event you believe and find from a preponderance of the evidence in this case that the plaintiff E. V. Bigham has suffered any damage to his said 85 acre tract of land, or any part thereof by reason of the discharge of salt waters into Chambers and Richland Creeks and their tributaries by the Powell Salt Water Company, then in that event you are instructed that in determining the amount of said damage, if any, you will take into consideration only such damage, if any, as the plaintiff is shown by a preponderance of the evidence to have suffered by reason of the defendant Powell Salt Water Company's discharging salt waters into Richland and Chambers Creek and their tributaries, as distinguished from the damage, if any, that plaintiff has suffered as a result of the discharge of salt waters into Richland and

Chambers Creeks and their tributaries by persons, firms or corporations other than the defendant Powell Salt Water Company, if any." However, in view of the well-known fact that a jury is not supposed to know the effect of the answers to the issues, it can hardly be presumed that the jurors understood that when they were finding the difference between the market value of the land before and after the salt water damage, they were assessing the amount of damages to be paid by appellant. Therefore, in our opinion, instruction B does not cure the error above pointed out. For this reason the judgment of the trial court must be reversed, and the cause remanded for a new trial, and it is so ordered.